[This decision has been published in *Ohio Official Reports* at 92 Ohio St. 3d 574.]

WHALEY, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF COMMISSIONERS, APPELLEE.

[Cite as *Whaley v. Franklin Cty. Bd. of Commrs.*, 2001-Ohio-1287.]

*Political subdivision tort liability—Defense and indemnification of employees— R.C. 2744.07(A)(1), construed—R.C. 2744.07(A)(1) requires that a political subdivision provide legal defense for an employee whenever the underlying complaint alleges or reasonably implies either that the employee was not acting manifestly outside the scope of his or her employment or official responsibilities.*

(No. 00-1276—Submitted February 28, 2001—Decided August 22, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-570.

_____

DOUGLAS, J.

{¶ 1} On August 12, 1997, plaintiff-appellant, Pat Whaley, a Franklin County Deputy Sheriff, filed criminal charges in the Franklin County Municipal Court against Kim Tignor. Tignor was arrested and jailed. The charges against Tignor were subsequently dismissed at arraignment.

{¶ 2} It appears that for a number of years prior to the filing of the criminal charges, Tignor and appellant's family were friends. It also appears that the relationship between Tignor and the Whaleys had become strained due to a financial dispute.

{¶ 3} On May 14, 1998, Tignor filed a complaint in the Court of Common Pleas of Franklin County against the Franklin County Board of Commissioners, "the Franklin County Local Government," and appellant, individually and as a Franklin County Deputy Sheriff. The complaint alleged that appellant had caused an arrest warrant to be issued and that Tignor had been improperly arrested and

jailed. The complaint also alleged that appellant "acted maliciously, wantonly, intentionally, and with reckless disregard to [Tignor's] rights." Based upon these allegations, the complaint also charged that Franklin County government officials, through certain acts and omissions, violated Tignor's constitutional rights by failing to properly train, supervise, and discipline its police officers.

{¶ 4} On July 29, 1998, appellant instituted this action pursuant to R.C. 2744.07(C)[1] in the Court of Common Pleas of Franklin County against the Franklin County Board of Commissioners, defendant-appellee. The county had refused to provide appellant with a defense in the lawsuit filed by Tignor. In filing this action for declaratory judgment, appellant sought an order to compel the county to provide for his individual defense in the underlying Tignor action as mandated by R.C. 2744.07(A)(1).

{¶ 5} On November 16, 1998, appellant moved for summary judgment. Appellee failed to file a response to the motion. On March 31, 1999, appellee did, however, file a Civ.R. 12(C) motion for judgment on the pleadings. Appellant submitted a timely response.

{¶ 6} On May 5, 1999, the trial court granted appellee's motion for judgment on the pleadings. In its entry sustaining appellee's motion, the trial court, without discussion, also overruled appellant's motion for summary judgment.

{¶ 7} Appellant appealed the trial court's decision to the Court of Appeals for Franklin County. In a decision rendered on June 8, 2000, the court of appeals affirmed the trial court's judgment.

{¶ 8} This cause is now before this court upon the allowance of a discretionary appeal.

---

1. R.C. 2744.07(C) provides:

"If a political subdivision refuses to provide an employee with a defense in a civil action or proceeding as described in division (A)(1) of this section, the employee may file, in the court of common pleas of the county in which the political subdivision is located, an action seeking a determination as to the appropriateness of the refusal of the political subdivision to provide him with a defense under that division."

**{¶ 9}** The primary issue presented for our review is whether Franklin County wrongfully refused to provide appellant a defense against the claims brought against him in the civil action filed by Tignor. Specifically, we must decide whether the complaint filed in the underlying Tignor lawsuit alleges sufficient facts to trigger the county's duty to defend appellant pursuant to the dictates of R.C. 2744.07(A)(1).

**{¶ 10}** R.C. 2744.07(A)(1) provides:

"Except as otherwise provided in this division, a political subdivision shall provide for the defense of an employee, in any state or federal court, in any civil action or proceeding to recover damages for injury, death, or loss to persons or property allegedly caused by an act or omission of the employee in connection with a governmental or proprietary function if the act or omission occurred or is alleged to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities."

**{¶ 11}** R.C. 2744.07(A)(1) imposes a duty on a political subdivision to provide a defense for an employee in any civil action or proceeding to recover damages allegedly caused by acts or omissions of the employee in connection with a governmental or proprietary function. R.C. 2744.07(A)(1) sets forth a two-prong test to determine when the political subdivision's duty to defend one of its employees is triggered. The first prong of R.C. 2744.07(A)(1) provides that the duty to defend attaches if the act or omission *actually* occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities. The second prong of the test provides that the political subdivision's statutory duty to defend is triggered if the act or omission is *alleged* to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities.

**{¶ 12}** The governing case law interpreting R.C. 2744.07(A)(1) is set forth in *Rogers v. Youngstown* (1991), 61 Ohio St.3d 205, 574 N.E.2d 451. In *Rogers*,

we held that "[w]here a political subdivision wrongfully refuses to defend a suit commenced against a police officer employed by the subdivision, and the officer subsequently brings a declaratory judgment action against the subdivision to determine the subdivision's obligation to defend, the political subdivision must pay the attorney fees, expenses and costs incurred by the police officer, both in the action which the subdivision failed to defend and in the declaratory judgment action. (R.C. 2744.07[A][1], construed and applied.)" *Id.* at syllabus.

{¶ 13} The parties do not dispute that *Rogers* is the seminal case for construing R.C. 2744.07(A)(1). Both parties also agree that our focus in this matter should be on the second, or more specifically, the "allegation" prong of R.C. 2744.07(A)(1). Where the dispute lies herein is in the application of *Rogers* to the facts of this matter and whether the allegations giving rise to this action activate the duty on the part of the county to provide a legal defense for appellant.

{¶ 14} Appellant argues that the county was required to provide for his individual defense because the acts or omissions attributed to appellant in the complaint filed in the underlying Tignor lawsuit indicate that appellant was acting "not manifestly outside the scope of his employment." Appellant contends that there are no reasonable grounds to distinguish this matter from *Rogers* and that the trial court and the court of appeals, in attempting to do so, misconstrued both R.C. 2744.07(A)(1) and our decision in *Rogers*. We agree.

{¶ 15} *Rogers* arose out of a physical altercation between Philip B. Rogers, a Youngstown City Police Officer, and his sister. After the altercation, Rogers's sister brought a federal lawsuit against Rogers, the city of Youngstown, and certain Youngstown city officials, alleging violations of her civil rights. The city refused to provide Rogers with legal counsel in the federal suit, concluding that Rogers's actions surrounding the altercation with his sister were outside the scope of his employment. Rogers subsequently filed a declaratory judgment action, pursuant to

R.C. 2744.07(C), seeking a determination as to the appropriateness of the city's refusal to provide him with a defense as prescribed in R.C. 2744.07(A)(1).

**{¶ 16}** In *Rogers*, we stated that "R.C. 2744.07(A)(1) is clear and unequivocally sets forth that 'a political subdivision *shall* provide for the defense of an employee, in any state or federal court * * * if the act or omission occurred *or is alleged* to have occurred while the employee was acting in good faith and not manifestly outside the scope of his [or her] employment.' (Emphasis added.) As can be gleaned, the duty of a political subdivision to defend one of its employees may arise from a reading of allegations contained in a complaint filed by a plaintiff who seeks redress from the subdivision's employee." *Id.*, 61 Ohio St.3d at 208, 574 N.E.2d at 453-454.

**{¶ 17}** Relying on evidence obtained from an internal affairs investigation of Rogers and on evidence secured during discovery in the federal civil rights lawsuit, the city of Youngstown contended that R.C. 2744.07(A)(1) did not require the city to provide Rogers with a legal defense. We did not agree with the city's contentions. In reaching our determination we specifically noted that "[f]or the most part, the city chooses not to focus on the allegations contained in the complaint itself, but, rather, finds support for its position by dwelling upon matters that transpired prior to and after the federal complaint was filed. In so doing, the city ignores the mandatory and disjunctive language contained in R.C. 2744.07(A)(1)." *Id*. at 208, 574 N.E.2d at 453.

**{¶ 18}** Based on the foregoing, we construe R.C. 2744.07(A)(1) as requiring that, in evaluating the "allegation" prong of the statute, the test to be employed is a pleadings test. In construing the same language of R.C. 2744.07(A)(1) in *Rogers*, we indicated that whether a political subdivision's duty to defend arises may be determined "from a reading of allegations contained in a complaint filed by a plaintiff who seeks redress from the subdivision's employee." *Id.* at 208, 574 N.E.2d at 453-454. However, neither R.C. 2744.07(A)(1) nor

*Rogers* mandates that such a determination be made solely upon consideration of the underlying complaint. Thus, a court making such a determination may consider all pleadings[2] filed in the underlying action.

{¶ 19} The standard for evaluating the allegations in the underlying complaint is set forth in R.C. 2744.07(A)(1). The plain language of R.C. 2744.07(A)(1) requires a political subdivision to provide a defense for an employee "if the act or omission * * * is alleged to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities."[3] The standard against which the allegations contained in the complaint are to be measured is quite broad. In addition, that standard is clear and unambiguous. "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42. Webster's Third New International Dictionary (1986) 1375, defines the word "manifestly" as "plainly, obviously."

{¶ 20} Moreover, there is a clear distinction drawn in R.C. 2744.07 between the standards "not manifestly outside the scope" of employment in R.C. 2744.07(A)(1) and "within the scope" of employment in R.C. 2744.07(A)(2). R.C. 2744.07(A)(2) imposes a duty on a political subdivision in certain circumstances to indemnify an employee for any judgment, other than punitive damages, obtained

---

2. Civ.R. 7(A), "Pleadings," provides:

"There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

3. Interpreting R.C. 2744.07(A)(1) in *Rogers* we determined that an allegation that an employee of a political subdivision was acting in good faith "would be incongruous with suing the employee in his or her individual capacity." *Rogers*, 61 Ohio St.3d at 209, 574 N.E.2d at 454. Thus, our focus is solely on whether the acts or omissions are alleged to have occurred while the employee was acting not manifestly outside the scope of his employment or official responsibilities.

against the employee for acts or omissions in connection with a governmental or proprietary function. The standard for indemnification in R.C. 2744.07(A)(2) is whether the employee acted in good faith and within the scope of his employment or official responsibilities. By adopting two such varying standards, the General Assembly clearly intended that the standard applicable to the duty to defend in R.C. 2744.07(A)(1) be much broader in scope than the standard applied to the duty to indemnify in R.C. 2744.07(A)(2).

{¶ 21} Accordingly, we hold that R.C. 2744.07(A)(1) requires a political subdivision to provide a legal defense for an employee whenever the underlying complaint (or subsequent pleadings) either alleges or reasonably implies that the employee was acting not manifestly (*i.e.*, plainly and obviously) outside the scope of his or her employment or official responsibilities.

{¶ 22} We now turn our attention to the allegations raised in the underlying complaint. The plaintiff in the underlying action, Kim Tignor, asserts in the introductory section of her complaint that "[t]his is an action for a declaratory judgment and money damages for a violation of plaintiff's constitutional rights by the defendants [Franklin County Board Commissioners, Franklin County Local Government, and Deputy Pat Whaley] under 42 U.S.C. § 1983 and also for malicious prosecution, false arrest, and false imprisonment." In paragraph three of the complaint, Tignor averred that "[d]efendant Whaley is and was, at all times relevant hereto, employed as a deputy of the Franklin County Sheriff's Department and acted under color of state law. He is being sued in [his] individual and official capacities." Tignor further alleged that "Whaley filed criminal charges against plaintiff in the Franklin County Municipal Court" and that "Whaley knew that there was no justification for the charges." In paragraph six Tignor claims that "Whaley caused an arrest warrant to be issued and had the plaintiff arrested and [plaintiff] spent time in custody and also in jail." Tignor also alleged, in paragraphs fifteen and sixteen, that "Whaley maliciously prosecuted the plaintiff" and "violated the

plaintiff's clearly established federal constitutional rights under the Fourth Amendment to the United States Constitution." Moreover, Tignor alleged in paragraphs eighteen through twenty that "the policy making officials of defendant Franklin County Local Government knew, or, in the exercise of reasonable care, should have known that its officers, officials, and employees, such as defendant [Whaley] herein, had engaged in a pattern and practice of misconduct including, but not limited to, illegal arrests and filing bogus charges, all in violation of constitutional rights of persons in the [*sic*] Franklin County, Ohio," and that "[d]espite knowledge of such a pattern and practice of illegality, defendant Franklin County Local Government has failed to properly investigate those instances of illegality and to supervise, train, and discipline its officers, officials, and employees. * * * Such a failure by defendant Franklin County Local Government to break the pattern and practice of illegality encouraged the individual defendant herein to believe that he could violate plaintiff's constitutional right with impunity and with the explicit and tacit approval of defendant Franklin County Local Government."

{¶ 23} After weighing the allegations contained in the underlying complaint against the appropriate standard, we conclude that the complaint filed by Kim Tignor contains sufficient allegations that appellant committed the relevant acts and/or omissions while he was acting *not manifestly* outside the scope of his employment or official responsibilities. The complaint, judged in its entirety, avers that appellant was acting at all relevant times in his official capacity as a Franklin County Deputy. Furthermore, the essence of Tignor's complaint alleges violations of her constitutional rights premised upon claims of false arrest, false imprisonment, and malicious prosecution. The allegations raised in the complaint clearly attempt to impute the acts of appellant to the county, implying, of course, that appellant was acting within the scope of his employment or, at a minimum, not manifestly outside the scope. Therefore, we conclude that the trial court and the

court of appeals erred in determining that the county was not obligated as a matter of law to provide for appellant's defense in the underlying Tignor lawsuit.

{¶ 24} Appellee has gone to great lengths to distinguish the instant matter from our decision in *Rogers*. We recognize that a determination whether a political subdivision owes a duty to defend an employee is a fact-sensitive issue. Thus, whether the duty to defend is triggered should not turn solely on a comparison in this and other cases with the allegations made in *Rogers*. Instead, the primary focus should be on whether the allegations raised in the pleadings of the underlying action meet the standard set forth in R.C. 2744.07(A)(1). In any event, appellee's argument that *Rogers* is distinguishable from the case at bar is not well taken.

{¶ 25} Contrary to appellee's assertion, neither the personal nature of the underlying dispute between Tignor and appellant nor the perceived malicious and intentional tone of the acts alleged in the underlying complaint is enough to remove this matter from the ambit of *Rogers* and R.C. 2744.07(A)(1). The facts of this matter are essentially indistinguishable from the facts of *Rogers*. In *Rogers*, as here, there were allegations of a personal dispute. The plaintiff in the underlying action of *Rogers* was, in fact, the sister of Officer Rogers. She alleged that Officer Rogers arrived at her home, "began verbally abusing and threatening [her] and accused [her] of spreading rumors about him." Officer Rogers then allegedly dragged his sister into her house, and, in front of their mother and another family member, physically battered her. Thus, contrary to the court of appeals' assertion, "the purely personal nature of the employee's conduct" was in fact apparent from a review of the underlying pleadings in *Rogers*.

{¶ 26} We also reject appellee's contention that the use of force by Officer Rogers removes this matter from the purview of *Rogers* and R.C. 2744.07(A)(1). It is appellee's assertion that law enforcement officers must routinely use force to carry out their sworn duties, thus bringing such acts of the officer, in some instances, within the scope of employment. In *Rogers*, however, there were no

allegations raised in the underlying complaint or in the answers to the underlying complaint that Officer Rogers was attempting to effectuate a lawful arrest during the physical altercation with his sister.[4]  Therefore, it is quite apparent that the use of force by the police officer in *Rogers* had no effect on our decision therein.

**{¶ 27}** Finally, we find it necessary to discuss the trial court's decision to grant a Civ.R. 12(C) motion for judgment on the pleadings in this action.  Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

**{¶ 28}** A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted.  See *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482, 597 N.E.2d 1137, 1139, and *Gawloski v. Miller Brewing Co.* (1994), 96 Ohio App.3d 160, 163, 644 N.E.2d 731, 733.  In fact, in *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 569-570, 664 N.E.2d 931, 936, this court noted the similarities between the two motions.  However, we also recognized that "Civ.R. 12(C) motions are specifically for resolving questions of law." *Id.* at 570, 664 N.E.2d at 936.

**{¶ 29}** When considering a defendant's Civ.R. 12(C) motion for judgment on the pleadings, the trial court is required to construe as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party.  *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165-166, 63 O.O.2d 262, 264, 297 N.E.2d 113, 117.  An action brought pursuant to R.C. 2744.07(C) seeks a determination as to the appropriateness of the political subdivision's refusal to provide a defense, and consideration of the allegation prong of R.C. 2744.07(A)(1) requires an evaluation of the allegations raised in the underlying pleadings.  *Rogers,* 61 Ohio St.3d at 208, 574 N.E.2d at 453-454.

---

4. The city of Youngstown denied that Officer Rogers was acting within the scope of his employment but did allege, as an alternate defense, that Rogers acted in self-defense.

Because appellee is the party that submitted the motion for judgment on the pleadings, under the appropriate standard for entering judgment on a Civ.R. 12(C) motion, appellant was entitled to have all the material allegations of the complaint, together with all reasonable inferences drawn therefrom, construed in his favor. *Peterson, supra.*

{¶ 30} In reaching its decision, we find that the trial court clearly disregarded the appropriate standard required pursuant to Civ.R. 12(C) and *Peterson.* For instance, the trial court stated that "while [the underlying Tignor complaint] alleges that Whaley was 'employed as a deputy' and [that] he acted 'under color of state [law],' this does not translate into 'acting within the scope of employment.' " As can be gleaned from the foregoing, in addition to applying the wrong standard pursuant to R.C. 2744.07(A)(1), the trial court failed to properly weigh the allegations set forth above in the light most favorable to appellant. Furthermore, contrary to the opinion of the court of appeals, we find that the trial court committed procedural error by considering matters that were not raised in any pleading filed in this action and that, in fact, were not contained anywhere in the record. Specifically, the trial court based its decision in part on the unalleged facts that, unlike the officer in *Rogers*, appellant was not in uniform, not on duty, and did not arrive in a squad car.

{¶ 31} Moreover, and in any event, this court stated in *Peterson* that "Civ.R. 12(C) is a continuation of the former statutory practice and presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings." *Id.*, 34 Ohio St.2d at 166, 63 O.O.2d at 264, 297 N.E.2d at 117, citing with approval *Conant v. Johnson* (1964), 1 Ohio App.2d 133, 30 O.O.2d 157, 204 N.E.2d 100. Thus, despite recognizing the proper scope required for deciding a Civ.R. 12(C) motion for judgment on the pleadings, the trial court apparently gave no consideration at all to the allegations raised by

appellant in *his* complaint for declaratory judgment.[5]  In fact, far from construing the allegations contained in appellant's complaint in his favor, the trial court merely compared the allegations contained in Tignor's complaint with the allegations raised in the underlying complaint in *Rogers*.

**{¶ 32}** Based upon the foregoing, we reverse the judgment of the court of appeals and remand this matter to the trial court with instructions to consider appellant's motion for summary judgment consistent with *Rogers v. Youngstown*. Further, in the event that appellant's motion is granted, we instruct the trial court to conduct a hearing, pursuant to *Rogers*, in order to determine the amount of reasonable attorney fees, expenses, and costs incurred by appellant.

*Judgment reversed*

*and cause remanded.*

RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**MOYER, C.J.**, **dissenting.**

**{¶ 33}** The majority today holds that "R.C. 2744.07(A)(1) requires a political subdivision to provide a legal defense for an employee whenever the underlying complaint (or subsequent pleadings) either alleges or reasonably implies that the employee was acting not manifestly (*i.e.,* plainly and obviously) outside the scope of his employment or official responsibilities."  As does the majority today, the majority in *Rogers* held that the determinative test is not whether the act was "alleged to have occurred *while the employee was acting in good faith* and not manifestly outside the scope of his employment or official responsibilities," but only whether the act was alleged to have occurred while the employee was acting

_____

5. We raise the issue without deciding whether it was appropriate for the trial court, in adjudicating a Civ.R. 12(C) motion for judgment on the pleadings, to take into consideration the underlying Tignor complaint.  See *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 166, 63 O.O.2d 262, 264, 297 N.E.2d 113, 117.  See, also, 4 Harper & Solimine, Anderson's Ohio Civil Practice (1996) 373, Section 152.15.

"not manifestly outside the scope of his employment or official responsibilities." (Emphasis added.) *Rogers v. Youngstown* (1991), 61 Ohio St.3d 205, 208-209, 574 N.E.2d 451, 453, quoting R.C. 2744.07(A)(1). In *Rogers,* I joined Justice Wright's dissent, which argued that this reading of R.C. 2744.07(A)(1) requires political subdivisions to defend an employee when that employee acts in bad faith, and that this is poor public policy and not intended by the General Assembly. *Id*. at 212, 574 N.E.2d at 456.

{¶ 34} While I continue in my belief that the good faith requirement in R.C. 2744.07(A)(1) must not be ignored, I believe that the case at bar can be disposed of under the "not manifestly outside the scope of employment" prong of the test. The underlying complaint in this case does not allege or even reasonably imply that Whaley was acting not manifestly outside the scope of his employment.

{¶ 35} The complaint clearly demonstrates the personal and nonemployment-related nature of Whaley's conduct. In essence, the complaint alleges that Whaley filed criminal charges against Tignor without justification and acted maliciously, wantonly, and intentionally and with reckless disregard of her rights, that he caused her to be arrested, and that he maliciously prosecuted her. The filing of criminal charges, causing an arrest warrant to be issued, and maliciously prosecuting another were all actions of a private citizen. See R.C. 2935.09. Nowhere in the pleadings does Tignor allege that Whaley used his position as deputy of the Franklin County Sheriff's Department to carry out these acts; indeed, the only allegation that Whaley acted in his official capacity is alleged in paragraph three of the complaint, which alleges that "[d]efendant Whaley is and was, at all times relevant hereto, employed as a deputy of the Franklin County Sheriff's Department and acted under color of state law. He is being sued in [his] individual and official capacities."

{¶ 36} However, R.C. 2744.07(A)(1) focuses quite appropriately on whether "*the act or omission occurred or is alleged to have occurred* while the

employee was acting in good faith and not manifestly outside the scope of his employment." (Emphasis added.) Thus, the statute requires us to focus on the *acts* that are alleged to have occurred, not on the characterization of the defendant as alleged by the plaintiff. In this case, the acts that were alleged to have occurred are all acts of a private citizen, and are not dependent upon, nor are they alleged to have been dependent upon, Whaley's status as a deputy sheriff. It is an inappropriate use of public funds to provide legal counsel to a public employee where the conduct for which he is sued is in no way related to his public employment. The precedent established by the majority does not bode well for the responsible allocation of tax revenues.

{¶ 37} I urge the General Assembly to amend R.C. 2744.07 to prevent the depletion of public funds of political subdivisions for such nonpublic purposes as sanctioned in this case. For these reasons, I respectfully dissent.

COOK and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.

————————————

*Hunter, Carnahan & Shoub, Robert R. Byard* and *Russell E. Carnahan,* for appellant.

*Ron O'Brien,* Franklin County Prosecuting Attorney, *George Speaks* and *Harland H. Hale,* Assistant Prosecuting Attorneys, for appellee.

*Paul Cox,* urging reversal for *amicus curiae* Fraternal Order of Police Ohio Labor Council, Inc.

*Barry M. Byron, Stephen L. Byron* and *John Gotherman,* urging affirmance for *amici curiae* Ohio Municipal League and County Commissioners' Association of Ohio.

————————————