JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant Floyd Crise appeals the trial court's granting summary judgment in favor of defendant-appellee the City of Cleveland ("City"), and thereby denying his request for declaratory relief. We find no merit to the appeal and affirm.
 {¶ 3} On January 21, 2000, Crise filed a complaint for declaratory judgment against the City seeking representation in a sexual harassment suit that was filed by Mary Tieri against him and the City. Tieri's suit alleged that Crise, her supervisor in the office of the Cleveland Municipal Clerk of Courts, sexually harassed her by making sexual comments and engaging in unwanted physical contact. In addition, Tieri alleged that Crise drove slowly past her home in an attempt to intimidate her.
 {¶ 4} The City filed a motion for summary judgment regarding Crise's declaratory judgment action, which Crise opposed. On July 25, 2001, the trial court granted the City's motion for summary judgment. This judgment was appealed to this court, which dismissed the appeal sua sponte for lack of a final appealable order because the trial court did not explicitly deny Crise's request for declaratory relief. The trial court had merely stated that the City's motion for summary judgment was granted without specifically stating that Crise's request for declaratory relief was denied.
 {¶ 5} On February 28, 2002, the trial court issued a journal entry denying Crise's request for declaratory relief and Crise again appealed. He assigns three errors for our review.
 DENIAL OF DECLARATORY RELIEF {¶ 6} Crise's first two assignments of error both concern the trial court's denial of Crise's request for declaratory relief.
 {¶ 7} Crise claims that pursuant to R.C. 2744.07(A)(1) the City had a duty to defend him in Tieri's sexual harassment suit because the alleged harassment occurred while he was working at the clerk's office.
 {¶ 8} R.C. 2744.07(A)(1) states as follows:
 {¶ 9} "Except as otherwise provided in this division, a political subdivision shall provide for the defense of an employee, in any state or federal court, in any civil action or proceeding to recover damages for injury, death, or loss to persons or property allegedly caused by an act or omission of the employee in connection with a governmental or proprietary function if the act or omission occurred or is alleged to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities."
 {¶ 10} R.C. 2744.07(A)(1) sets forth a two-prong test to determine when the political subdivision's duty to defend is triggered. The first prong provides that a duty attaches if the "act or omission actually
occurred while the employee was acting in good faith and not manifestly outside the scope of his employment * * *. The second prong of the test provides that the political subdivision's statutory duty to defend is triggered if the act or omission is alleged to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities." Whaley v. Franklin CountyBoard of Commissioners, 92 Ohio St.3d 574,576, 2001-Ohio-1287 (emphasis in the original).
 {¶ 11} Crise cites Ohio Supreme Court cases, Rogers v. City ofYoungstown (1991), 61 Ohio St.3d 205, and Whaley v. Franklin Board ofCommissioners, supra, in support of his argument that the City had a duty to defend him in the sexual harassment suit. In both of these cases, the trial court focused on the second prong of the test, which is whether the pleadings "alleged" that the employee was not acting manifestly outside the scope of his or her employment or official responsibilities. Whaley,
supra at 579; Rogers, supra at 208.
 {¶ 12} A review of the pleadings in the instant case indicates that Tieri did not allege that Crise was working as either an "agent" of the City or "manifestly within the scope of his employment" as the plaintiffs in Rogers and Whaley did. She merely alleged that Crise was her supervisor and made sexual comments and engaged in unwanted and offensive physical contact with her at work. She described his conduct as "outrageous and beyond the norms of civilized society." (Complaint, par. 20). Tieri also alleged that Crise harassed her after work by driving past her house. These allegations do not meet the standard set forth inWhaley and Rogers that the harassment was "not manifestly outside the scope of Crise's employment."
 {¶ 13} Furthermore, the Court in Whaley parenthetically defined "manifestly" as "plainly and obviously." Whaley, supra at 579. We find that the allegations of sexual harassment in the instant case are "plainly and obviously" outside the scope of Crise's employment. Such alleged "outrageous" behavior cannot possibly comprise part of his job duties, requiring the City to provide a defense.
 {¶ 14} Crise's first and second assignments of error are overruled.
 {¶ 15} Crise's third assignment of error deals with the City's request to stay Crise's bid for declaratory relief until the litigation was concluded. However, because of our disposition of the first two assignments of error, this assignment of error is moot and need not be addressed. App.R. 12(A)(1)(c).
Judgment is affirmed.
TERRENCE O'DONNELL, J. DISSENTS WITH SEPARATE DISSENTING OPINION;
TIMOTHY E. McMONAGLE, A.J. CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.