{¶ 16} I respectfully dissent.
 {¶ 17} On appeal, the central issue for resolution concerns whether the City of Cleveland should have provided legal counsel to Floyd Crise in connection with a claim filed against him for sexual harassment by fellow employee, Mary Tieri. Crise relies upon R.C. 2744.07, which provides in part:
 {¶ 18} "* * * a political subdivision shall provide for the defense of an employee, in any state or federal court, in any civil action or proceeding to recover damages for injury, death, or loss to persons or property allegedly caused by an act or omission of the employee in connection with a governmental or proprietary function if the act or omission occurred or is alleged to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities."
 {¶ 19} The facts here reveal that in September of 1999, Tieri reported the actions of Crise to the city. As a result of the charges against Crise, the city formed a committee to investigate these allegations. Thereafter, on October 18, 1999, in case no. 393897, Mary Tieri sued the City of Cleveland and Floyd Crise in common pleas court alleging, in part, sexual harassment by him both as an employee of the Cleveland Municipal Court Clerk's Office and as a supervisor, and further, referencing R.C. 2744.02, alleging sexual discrimination in the form of a hostile work environment and retaliation. On October 28, 1999, the city published its Statement of Administrative Action and Comments, in which it determined that the actions of Crise created a hostile work environment but found no evidence of sexual harassment in regard to Tieri's charges. On November 19, 1999, the city informed Crise that it would not provide for his defense to Tieri's complaint pursuant to Rogersv. Youngstown (1991), 61 Ohio St.3d 205, thereby making him responsible for his own attorney fees.
 {¶ 20} Following the resolution of that case, the instant appeal arises from a separate declaratory judgment action filed by Crise seeking a declaration regarding his right to reimbursement for his attorney fees.[1] The trial court granted the city's motion for summary judgment, holding that "the City of Cleveland is not ordered to provide the plaintiff with a defense in the Tieri case." The Supreme Court, in both Rogers, supra, and in Whaley v. Franklin Cty. Bd. of Commrs.
(2001), 92 Ohio St.3d 574, has held that the determinative test is not whether the act was "alleged to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities," but only whether the act was alleged to have occurred while the employee was acting not manifestlyoutside the scope of his employment or official responsibilities." (Emphasis added.) Therefore, under Rogers and Whaley, Tieri's complaint need not state that Crise acted in good faith.
 {¶ 21} In Rogers, the court noted the following: plaintiff alleged that the police officer assaulted her while in uniform and on duty; that he was a duly appointed officer of the police department and acted as the agent, servant and employee of the department; that he arrived at her home in a police vehicle, in uniform and armed; and that he acted in the scope of his employment. In rejecting the city's claim that the plaintiff did not allege the officer acted in good faith, the court stated, "we believe that even though Rogers did not specifically allege that appellee acted in good faith, the city unjustifiably refused to defend appellee * * *."
 {¶ 22} In so doing, the court reiterated the unequivocal language of R.C. 2744.07(A)(1) obligating a political subdivision to defend one of its employees based solely on the allegations contained in a complaint filed by a plaintiff who seeks redress from the political subdivision's employee. Id. at 208. The court further held that the obligation to defend may be triggered even though the underlying complaint does not specifically allege that the employee acted in good faith. Id. at 209.
 {¶ 23} Similarly here, Tieri alleged Crise to be an employee of the Cleveland Municipal Court Clerk's Office and that he acted as a supervisor (Para. 2, Complaint); that she became a victim of sexual harassment at the hands of her fellow employee, whose work station was directly adjacent to hers (Para. 4, Complaint); that she was subjected to daily torment (Para. 5, Complaint); that her work environment at the Clerk of Courts was offensive, hostile, repugnant, and threatening as a result of her sex (Para. 11, Complaint); and that the conduct she described constituted discrimination based on sex in the form of a hostile work environment and retaliation (Para. 12, Complaint).
 {¶ 24} The essence of Tieri's complaint is that Crise harassed her during working hours and that the city allowed the alleged activity to occur. The complaint further seeks to impute the acts of Crise to the city, implying that Crise acted within the scope of his employment and under the authority of the city (Para. 4, 5 and 6, Complaint). Tieri's complaint further asserts that Crise has been investigated by the city on numerous occasions for claims of harassment and that "[t]o date, no formal or informal disciplinary action has been taken against Plaintiff's harrasser [sic], Floyd Crise" (Para. 9, Complaint).
 {¶ 25} Ohio is a notice pleading state. The purpose of Ohio's notice pleading provisions is to notify a defendant of the allegations against him so that he might prepare a proper defense. Willoughby Hillsv. Cincinnati Ins. Co. (1984), 9 Ohio St.3d 177, 180. Civ.R. 8(A) requires only that a pleading set forth a short, plain statement of the claim showing the entitlement to relief and a demand for judgment for that relief. Forbis v. Springfield Township Trustees (1978),56 Ohio App.2d 249. A party is not required to plead the legal theory of recovery or the consequences which naturally flow by operation of law from the legal relationship of the parties. Illinois Controls, Inc. v.Langham (1994), 70 Ohio St.3d 512, paragraph six of the syllabus.
 {¶ 26} Whaley reaffirmed Rogers and held that a complaint does not have to state the employee was acting in good faith. Whaley further held that all pleadings may be reviewed to determine if a duty to defend exits. In Whaley, the court held:
 {¶ 27} "In construing the same language of R.C. 2744.07(A)(1) in Rogers, we indicated that whether a political subdivision's duty to defend arises may be determined `from a reading of allegations contained in a complaint filed by a plaintiff who seeks redress from the subdivision's employee.' Id. at 208. However, neither R.C. 2744.07(A)(1) nor Rogers mandates that such a determination be made solely upon consideration of the underlying complaint. Thus, a court making such a determination may consider all pleadings filed in the underlying action."
 {¶ 28} Tieri's complaint is similar to the complaint in Whaley. Both allege that the employer ratified the conduct of the employee.Whaley held that the political subdivision's ratification of the employee's conduct is evidence the employee was acting not manifestly outside the scope of his employment, and that the county is liable. Similarly, the city is liable here.
 {¶ 29} We recognize that "[t]he expression `scope of employment' cannot be accurately defined, because it is a question of fact to be determined according to the peculiar facts of each case." Tarlecka v.Morgan (1932), 125 Ohio St. 319, paragraph four of the syllabus; Calhounv. Middletown Coca-Cola Bottling Co. (1974), 43 Ohio App.2d 10, 13. Generally, "[c]onduct is within the scope of employment if it is initiated, in part, to further or promote the master's business." Martinv. Central Ohio Transit Auth. (1990), 70 Ohio App.3d 83, 92.
 {¶ 30} Further, in paragraph one of its syllabus in Turner v.Turner (1993), 67 Ohio St.3d 337, the court held that when a litigant's statement in support of his or her motion for summary judgment is inconsistent with his or her earlier position, summary judgment in that party's favor is improper because there exists a question of credibility which can be resolved only by the trier of fact. Here, the city reviewed Tieri's allegations and found no evidence to establish sexual harassment. The city also denied the existence of sexual harassment in its answer to her complaint. It must be noted, however, that less than three weeks after finding no evidence of sexual harassment, the city refused to provide a defense for Crise.
 {¶ 31} In accordance with Whaley and Rogers, supra, the allegations in Tieri's complaint established that the city unjustifiably refused to provide a defense for Crise and thereby failed to comply with R.C. 2744.07(A)(1). Tieri's complaint alleged that Crise harassed her in the work place and that the city had knowledge of this alleged harassment and did nothing to stop or discipline Crise. Despite its finding of no evidence to support sexual harassment, the city refused to follow R.C.2744.07 and provide a defense for him. He now seeks reimbursement for that defense.
 {¶ 32} It is my view that the trial court erred in denying his claim for declaratory relief. Under notice pleading, the language of Tieri's complaint describes conduct that is not manifestly outside the scope of Crise's employment or official responsibilities. The allegations in this case parallel those in Rogers where the officer, operating a police vehicle, in uniform, traveled outside his district and assaulted an individual. Nonetheless, the court there determined that the plaintiff had alleged conduct that was "not manifestly outside the scope of employment," therefore concluding that the city failed to comply with the mandate of R.C. 2744.07(A)(1). Similarly here, I believe the trial court should have found the conduct attributed to Crise, as a matter of law, "not manifestly outside the scope of employment." Accordingly, I would follow the analysis in Rogers and reverse the judgment of the trial court in this case and remand the matter for further proceedings.
[1] On April 23, 2002, Tieri dismissed all her claims against all defendants, and Crise then filed a claim against the city to recoup his legal expenses.