{¶ 33} I agree with the analysis employed by the dissent in concluding that Tieri's underlying complaint is sufficient and need not allege that Crise acted in good faith. It is my opinion, however, that the conduct that serves as the basis for Tieri's allegations of sexual harassment cannot support that Crise was acting "not manifestly outside the scope of his employment or official responsibilities" so as to trigger the City's duty to defend under R.C. 2744.07(A)(1). To this extent, I find Whaley v. Franklin Cty. Bd. of Commrs. (2001),92 Ohio St.3d 574 and Rogers v. Youngstown (1991), 61 Ohio St.3d 205, distinguishable from the instant case. Nonetheless, the majority reaches the correct conclusion and I, therefore, concur in judgment only.
KEYWORDS SUMMARY
Denial Of Declaratory Relief; Duty To Defend