[Cite as *Tyler v. W. Brown Local School*, 2018-Ohio-3624.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| TRISTA TYLER, | : | CASE NO. CA2017-11-013 |
| Plaintiff-Appellee, | : | O P I N I O N<br>9/4/2018 |
| | : | |
| - vs - | : | |
| | : | |
| WESTERN BROWN LOCAL SCHOOL,<br>et al., | : | |
| | : | |
| Defendants-Appellants. | | |


CIVIL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2017-0379


Raymond H. Decker, Jr., 600 Vine Street, Suite 412, Cincinnati, OH 45202, for defendants-appellants


**M. POWELL, J.**

{¶ 1}  Defendants-appellants, Western Brown Local Schools ("Western Brown"), and its employee, Angela Luti, appeal from the decision of the Brown County Court of Common Pleas, which denied Luti's motion for judgment on the pleadings.  For the reasons described below, we affirm the trial court's decision.

{¶ 2}  Plaintiff-appellee, Trista Tyler, filed a personal injury lawsuit against appellants.  The complaint alleged that Tyler was operating her vehicle in the middle lane

of a road. As she drove through a curve in the road, a Western Brown school bus, operated by Luti, was in the process of making an illegal three-point turn in the roadway. The three-point turn constituted an alleged violation of R.C. 4511.37, a minor misdemeanor traffic offense. Tyler steered her vehicle towards the right shoulder to avoid a head-on collision with the bus. In so doing, Tyler's rear, passenger-side tire "caught gravel" and her vehicle spun onto the left side of the road. The bus then made a "t-bone" collision with Tyler's car. Tyler's complaint alleged counts of negligence and negligence per se against Luti and negligence, negligence per se, and vicarious liability against Western Brown.

{¶ 3} Luti moved for judgment on the pleadings based on R.C. Chapter 2744 et seq, i.e., Ohio's political subdivision tort liability act. Luti argued that, as an employee of a political subdivision, she was generally immune from suit and the complaint did not plead facts that would except her from this immunity, e.g., the complaint failed to allege that she acted with malice, in bad faith, in a wanton or reckless manner, manifestly outside the scope of her official responsibilities, or that liability was expressly imposed by a section of the Ohio Revised Code. The trial court issued a decision denying Luti's motion, finding it premature until the completion of discovery, and commenting that there were "numerous factual patterns wherein liability may be established and likewise may not." Western Brown and Luti appeal, raising a single assignment of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} APPELLANT LUTI IS ENTITLED TO JUDGMENT ON THE PLEADINGS DISMISSING ALL OF APPELLEE'S CLAIMS AGAINST HER.

{¶ 6} Appellants argue that the court erred in denying Luti's motion for judgment on the pleadings because Tyler's complaint pled no facts that could establish a finding of liability against Luti under the political subdivision tort liability act. Appellants sought dismissal under Civ.R. 12(C), which provides "[a]fter the pleadings are closed but within

such times as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C) motions are specifically for resolving questions of law. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001). Therefore, this court's standard of review is de novo. *Cyrus v. Home Depot USA, Inc.*, 12th Dist. Clermont No. CA2007-09-098, 2008-Ohio-4315, ¶ 18.

{¶ 7} "When a motion to dismiss comes at the pleading stage, it is viewed with disfavor and should rarely be granted." *C.E. Greathouse & Son, Inc. v. City of Middletown*, 12th Dist. Butler No. CA85-05-047, 1986 Ohio App. LEXIS 7393, *4 (June 30, 1986), citing *Kobe v. Kobe*, 61 Ohio App.2d 67, 68 (8th Dist.1978). When considering a Civ.R. 12(C) motion for judgment on the pleadings, the trial court is restricted to consider only the allegations in the pleadings and must construe as true all the material allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are in favor of the nonmoving party. *Whaley* at 581. Dismissal is appropriate under Civ.R. 12(C) when the court finds *beyond doubt* that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996).

{¶ 8} R.C. Chapter 2744 provides a three-tiered analysis to determine whether a political subdivision is immune from a suit for civil damages. The first tier of the analysis provides a general grant of immunity: "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). If immunity applies under R.C. 2744.02(A)(1), then the second tier of the analysis carves out exceptions which re-establish the liability of a political subdivision. R.C. 2744.02(B). Finally, if any exception applies to re-impose liability, the third tier of the analysis focuses on whether any of the

defenses contained in R.C. 2744.03 apply to reinstate immunity. *Barrow v. New Miami*, 12th Dist. Butler No. CA2017-03-031, 2018-Ohio-217, ¶ 14. Political subdivision employees are generally immune from civil suit under the act. R.C. 2744.03(A)(6). However, liability may extend to the employee if certain statutory conditions are met. *Id.*

{¶ 9} For purposes of this appeal, the first two steps in the analysis are not in controversy. Western Brown, as a public school district, qualifies as a political subdivision engaged in governmental or proprietary functions, and it and its employees are generally immune from civil liability. Western Brown also concedes that, accepting Tyler's pleadings as true, the exception to immunity for negligent operation of a motor vehicle by a political subdivision's employee would apply, making it potentially liable for Luti's alleged negligence. R.C. 2744.02(B)(1).

{¶ 10} At issue is the third step of the analysis and whether Tyler's pleading could support a finding that would make Luti individually liable. R.C. 2744.03(A) provides in relevant part:

> (6) In addition, * * * the employee is immune from liability unless one of the following applies:
>
> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
>
> (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. * * *.

{¶ 11} Appellants argue that Tyler failed to plead any of the R.C. 2744.03(A)(6) exceptions to political subdivision employee immunity. A review of Tyler's complaint reveals no specific allegations that Luti acted with malice, in bad faith, in a wanton or reckless manner, manifestly outside the scope of her official responsibilities, or that a section of the

Revised Code expressly imposed civil liability upon her in this situation. Nonetheless, this court reviews Tyler's complaint by accepting all facts pled as true and construing all inferences that can be derived from the language of the complaint in Tyler's favor. On that basis, it is not "beyond doubt" that Tyler can prove no set of facts in support of her claims against Luti. The allegations are that Luti executed an illegal three-point turn in a school bus on a curving road, which at least partially blocked the opposite lane of traffic, and that Tyler had less than 500 feet to react.[1] Given the circumstances that could be explored during discovery, it is conceivable that Luti's conduct could be more than merely negligent.

{¶ 12} Appellants cite several cases for the proposition that a complaint against a political subdivision employee must "specifically allege" malice, bad faith, or wanton or reckless conduct. *Iannuzzi v. Harris*, 7th Dist. Mahoning No. 10-MA-117, 2011-Ohio-3185; *Smith v. Martin,* 176 Ohio App.3d 567, 2008-Ohio-2978 (10th Dist.); and *Ohio Bell Tel. Co. v. DiGioia-Suburban Excavating, LLC*, 8th Dist. Cuyahoga Nos. 89708 and 89907, 2008-Ohio-1409. These cases all involved summary judgment decisions. Moreover, as discussed, the facts as pled could conceivably support a finding of civil liability against Luti pursuant to R.C. 2744.03(A)(6). This court overrules the appellants' sole assignment of error.

{¶ 13} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.

---

1. R.C. 4511.37(A), which for purposes of this appeal the court presumes Luti violated, provides in relevant part: "* * * no vehicle shall be turned so as to proceed in the opposite direction upon any curve, or upon the approach to or near the crest of a grade, if the vehicle cannot be seen within five hundred feet by the driver of any other vehicle approaching from either direction."