[Cite as *Gilman v. Physna, L.L.C.*, 2021-Ohio-3575.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| GREG GILMAN, | : | APPEAL NO. C-200457 |
| | | TRIAL NO. A-2000115 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| PHYSNA, LLC, | : | |
| and | : | |
| PHYSNA, INC., d.b.a. PHYSNA, LLC, | : | |
| Defendants-Appellees. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Case
                      Remanded

Date of Judgment Entry on Appeal:  October 6, 2021



*Eberly, McMahon, Copetas, LLC,* and *David A. Eberly,* for Plaintiff-Appellant,

*Beuchner, Haffner, Myers, & Keonig Co., LPA*, *Brian R. Redden* and *Saba N. Alam*, for
Defendants-Appellees.

**Bock, Judge.**

{¶1}   Plaintiff-appellant Greg Gilman sued defendants-appellees Physna LLC and Physna, Inc., d.b.a. Physna LLC ("Physna"), asserting that Physna breached the parties' contract when it failed to provide payments based on Physna's profits. Physna denied liability, attached financial records to its answer, and moved for judgment on the pleadings under Civ.R. 12(C). The trial court granted Physna's motion and dismissed Gilman's claims. Gilman now appeals that dismissal.

{¶2}   Because the trial court erroneously considered the financial records attached to Physna's answer, we reverse the trial court's dismissal of Gilman's breach-of-contract and breach-of-good-faith claims. We affirm the trial court's dismissal of Gilman's unjust-enrichment claim.

## I.   Facts and Procedure

{¶3}   Physna is a data recognition and security company. In 2016, Gilman accepted an offer from the then start-up company to work as a developer. Gilman and Physna signed an "Independent Contractor Agreement" ("Agreement"). As a developer, Gilman was tasked with assisting Physna in developing software, websites, applications, and technology. Two clauses in the Agreement are at issue.

{¶4}   Section D structured Gilman's compensation. It guaranteed Gilman a $1,500 monthly base compensation as consideration for his work. And Gilman was eligible for "Additional Payments" based on Physna's net profits. Section D tied Gilman's right to those Additional Payments to Physna's profitability—the payments were "limited to and contingent upon the Company achieving profit." Additional Payments were calculated "per full-time month" and adjusted according to Gilman's ability to meet work goals. Finally, Additional Payments were "calculated and executed in accordance with the result of [Physna's] tax returns."

{¶5} Section E described Gilman's and Physna's rights upon termination, allowing both to "terminate th[e] Agreement at any time." Relevant here, terminating the Agreement did "not result in a loss of [Gilman's] right to receive the payments for work provided up to said date as laid out herein."

{¶6} In 2017, Physna terminated the Agreement via letter to Gilman. Physna confirmed that Gilman was "entitled to the prorated monthly fee up to the date of the termination" and Additional Payments based on Physna's net profit. But Physna explained to Gilman that it "ha[d] not yet experienced any Net Profit," so the company tendered a prorated payment of $930.88.

{¶7} In the two years following his termination, Gilman demanded Physna pay $660,000 in Additional Payments. According to Gilman, Physna refused to pay.

{¶8} Gilman sued Physna, alleging that any conditions precedent to Physna's duty to pay the Additional Payments were satisfied and that his right to receive those Additional Payments survived the Agreement's termination. Gilman asserted that Physna's refusal to pay constituted a breach of contract, an unjust enrichment, and a breach of the implied covenant of good faith and fair dealing. Gilman attached the Agreement to his complaint.

{¶9} Physna denied liability, asserted various defenses, and attached the termination letter and profit and loss statements to the pleading. Physna challenged Gilman's interpretation of the contract and claimed that Gilman's right to Additional Payments terminated with the Agreement. Physna also alleged that Gilman's claims were "barred by the failure of a condition precedent, which did not occur."

{¶10} Physna moved for a judgment on the pleadings under Civ.R. 12(C) based on two theories. First, Physna argued that termination of the Agreement extinguished Gilman's right to Additional Payments. Second, Physna argued that its lack of net profit constituted a failure of a condition precedent to Gilman's right to Additional Payments. In support, Physna relied on the financial records attached to its answer. Gilman opposed the motion, arguing that after construing the material allegations in his favor, the complaint sufficiently alleged facts entitling him to relief.

{¶11} The trial court granted Physna judgment on the pleadings "[b]ased on the clear, unambiguous findings of the court and enforceable nature of the contract" and dismissed Gilman's claims.

{¶12} Gilman now appeals.

## II. Standard of Review

{¶13} We review a trial court's decision to grant judgment on the pleadings de novo. *Euvrard v. The Christ Hosp.*, 141 Ohio App.3d 572, 575, 752 N.E.3d 326 (1st Dist.2001).

{¶14} Civ.R. 12(C) allows any party to move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings tests the sufficiency of a complaint and is restricted solely to the allegations in the pleadings. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 752 N.E.2d 267 (2001), quoting *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973). The "pleadings" consist of the complaint, the answer, and any attached written instruments. Civ.R. 7(A); Civ.R. 10(C). Written instruments are "documents that evidence the parties' rights and obligations, such as negotiable instruments, 'insurance policies, leases, deeds, promissory notes, and contracts.' " *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, 110 N.E.3d 1275, ¶ 17,

4

quoting *Inskeep v. Burton*, 2d Dist. Champaign No. 2007 CA 11, 2008-Ohio-1982, ¶ 17.

{¶15} This court construes all material allegations in the pleadings, as well as reasonable inferences drawn from them, in favor of the nonmoving party. *Euvrard* at 575. Dismissal is proper if we conclude that the plaintiff can prove no set of facts that would entitle it to relief. *Id.* The moving party must show that there are no material factual issues and that it is entitled to judgment as a matter of law. *Husted* at ¶ 13, quoting *Ohio Mfg. Assn. v. Ohioans for Drug Price Relief Act*, 147 Ohio St.3d 42, 2016-Ohio-3038, 59 N.E.3d 1274, ¶ 10.

### III. <u>Assignment of Error</u>

{¶16} Gilman's single assignment of error asserts that the trial court erred when it granted Physna's motion for judgment on the pleadings and dismissed his claims. Gilman argues that because the allegations in the pleadings must be viewed in his favor, Physna's denials are an improper basis for dismissal. For the following reasons, we agree and reverse the trial court's dismissal of his breach-of-contract and good-faith-and-fair-dealing claims.

### A. <u>Breach of Contract</u>

{¶17} To assert a breach-of-contract claim, a complaint must allege 1.) an existing valid contract between the parties, 2.) that the defendant failed to perform when performance was due, and 3.) damages. (Citations omitted.) *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 41.

{¶18} The parties agree that the Agreement is a valid contract that conditioned Gilman's right to Additional Payments on Physna achieving a profit.

{**¶19**}  A condition precedent in a contract is an act or event that must occur before performance obligations arise. *Transtar Elec., Inc. v. A.E.M. Elec. Servs. Corp.*, 140 Ohio St.3d 193, 2014-Ohio-3095, 16 N.E.3d 645, ¶ 22. An unsatisfied condition precedent excuses performance under the contract and is a defense to a breach-of-contract claim. *Id.*; *see Great Water Capital Partners, LLC v. Down-Lite Internatl., Inc.*, 1st Dist. Hamilton Nos. C-150015 and 150023, 2015-Ohio-4877, ¶ 16.

{**¶20**}  The parties dispute whether Physna earned a profit. Gilman alleged that "any and all conditions precedent toward full payment" were met. Physna, relying on the financial records attached to its answer, asserted that those records "unequivocally established" that Physna failed to generate a profit. As such, Physna argues that its obligation to pay Gilman Additional Payments never arose.

{**¶21**}  But the trial court should not have relied on the financial records that Physna attached to its answer. The records are not a "written instrument" under Civ.R. 10(C) and cannot be considered when ruling on a motion for judgment on the pleadings. Therefore, Physna's financial records were improper grounds for granting a judgment in its favor.

{**¶22**}  When we construe the allegations in the pleadings in Gilman's favor, his complaint sufficiently alleged a breach of contract. The pleadings show that there was a contract with a condition precedent to Physna paying Gilman. While the parties dispute whether Physna generated a profit and satisfied the condition precedent, we must view the factual allegations in Gilman's favor. These allegations suffice at the pleading stage.

{**¶23**}  As a result, Gilman satisfied his burden to allege a set of facts that would entitle him to relief under a breach-of-contract claim. The trial court erred when it dismissed Gilman's breach-of-contract claim.

## B. **Good Faith and Fair Dealing**

{¶24} There is an implied duty of good faith and fair dealing in every contract. *Lucarell*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, at ¶ 42. There is no independent cause of action for a breach of good-faith-and-fair-dealing separate from a breach-of-contract claim. (Citations omitted.) *Id.* at ¶ 44. The duty requires both parties to refrain from conduct that destroys or injures the other party's right to receive the benefits of the contract. *Lawarre v. Fifth Third Secs., Inc.*, 1st Dist. Hamilton No. C-110302, 2012-Ohio-4016, ¶ 34.

{¶25} The duty applies when one party has direct influence over the satisfaction of a condition precedent and has sole possession of facts underlying its decision that the condition precedent failed and its performance did not come due. (Citations omitted.) *Weckel v. Cole + Russell Architects*, 1st Dist. Hamilton No. C-160591, 2017-Ohio-7491, ¶ 27. A party seeking to excuse performance based on the failure of a condition precedent must first prove that it exercised good faith and diligence to try to satisfy the condition. *Id.*

{¶26} Gilman alleged that Physna breached its duty of good faith and fair dealing through its calculation of profits to avoid paying Gilman. Construing the allegations and inferences in Gilman's favor, the complaint alleged facts sufficient to state a claim for a breach of good faith and fair dealing.

{¶27} Therefore, the trial court erred by dismissing Gilman's good-faith claim.

## C. **Unjust Enrichment**

{¶28} Gilman claims recovery under a theory of unjust enrichment. The doctrine of unjust enrichment allows a party to "recover the reasonable value for its services rendered in the absence of an express contract if denying recovery would

unjustly enrich the opposing party." *Deffren v. Johnson*, 2021-Ohio-817, 169 N.E.3d 370, ¶ 10 (1st Dist.). To recover under a theory of unjust enrichment, Gilman must show that 1.) he conferred a benefit to Physna, 2.) Physna knew of that benefit, and 3.) Physna retaining that benefit without paying Gilman would be unjust. *Id.* But as a general rule, unjust-enrichment claims are only available in the absence of an enforceable contract. *Id.*

{¶29} Because there is an express contract, Gilman's unjust-enrichment claim fails as a matter of law. Therefore, the trial court properly dismissed Gilman's unjust-enrichment claim.

### D. Contract Interpretation

{¶30} Finally, Gilman argues against dismissal, raising an issue of contract interpretation. According to Gilman, the Agreement creates a contractual right to Additional Payments that survives termination. Physna disagrees. But because we reverse the trial court's grant of judgment on the pleadings on Gilman's two claims based on the trial court's erroneously considering Physna's financial records, we do not reach the merits of Gilman's or Physna's contract-interpretation arguments.

### IV. Conclusion

{¶31} A judgment on the pleadings tests the sufficiency of the allegations as a matter of law. And a court's review is confined to the pleadings. After a review of the pleadings, we sustain in part Gilman's assignment of error and reverse the portion of the trial court's judgment that dismissed Gilman's breach-of-contract and good-faith-and-fair-dealing claims. We overrule the rest of the assignment of error, affirm the remainder of the judgment, and remand the case for further proceedings consistent with this opinion.

Judgment affirmed in part, reversed in part, and case remanded.

**MYERS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.