OPINION *Page 2 
{¶ 1} On May 24, 2002, appellant, Joyce Howell, an employee of the Canton Urban League, was working at the Edward Peel Coleman Community Center. At this time, appellee, The Ohio Floor Company, Inc., was sanding and refinishing the flooring of the Community Center's basketball court.
 {¶ 2} On May 21, 2004, appellant filed a complaint against appellee for personal injuries, claiming her exposure to the chemicals involved in refinishing the floor caused injuries to her lungs, respiratory tract, and larynx, and caused her to become permanently disabled. This case was dismissed and on May 26, 2006, appellant refiled her complaint against appellee and the entity that owns the Community Center and hired appellee, the City of Canton.
 {¶ 3} Both appellees filed motions for summary judgment. By judgment entry filed December 11, 2006, the trial court granted appellee Ohio Floor's motion for summary judgment. Thereafter, appellant filed a motion to file instanter her brief in opposition to Ohio Floor's motion for summary judgment. By judgment entry filed December 29, 2006, the trial court granted appellant's motion to file her opposition brief instanter. On January 9, 2007, the trial court granted appellee City of Canton's motion for summary judgment, and denied appellant's motion for leave to file instanter her aforementioned brief, and reiterated its decision of December 11, 2006 granting summary judgment to appellee Ohio Floors.
 {¶ 4} On February 7, 2007, appellant filed a Civ. R. 60(B) motion for relief from the trial court's January 9, 2007 judgment. The next day, appellant filed an appeal of the trial court's January 9, 2007 judgment entry. On February 9, 2007, the trial court *Page 3 
found it was without jurisdiction to consider the Civ. R. 60(B) motion. On November 9, 2007, this court remanded the matter to the trial court to issue a ruling on the Civ. R. 60(B) motion. By judgment entry filed December 7, 2007, the trial court denied the motion.
 {¶ 5} Appellant filed an appeal of the trial court's December 7, 2007 judgment entry, and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED BY NOT GRANTING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."
 II {¶ 7} "THE TRIAL COURT ERRED BY RULING THAT APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT HAD TO BE SUPPORTED WITH SWORN EVIDENTIARY MATERIALS."
 III {¶ 8} "THE TRIAL COURT ERRED BY NOT ALLOWING APPELLANT TO PRESENT TESTIMONY AT THE HEARING OF THE MOTION FOR RELIEF FROM JUDGMENT."
 I {¶ 9} Appellant claims the trial court erred in denying her motion for relief from judgment. We disagree.
 {¶ 10} A motion for relief from judgment under Civ. R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse *Page 4 
of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In GTEAutomatic Electric Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 11} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 12} In her Civ. R. 60(B) motion, appellant sought relief from the trial court's January 9, 2007 judgment entry denying her motion to file instanter her opposition brief to appellee Ohio Floor's motion for summary judgment.
 {¶ 13} Appellant argues the sole issue of appellee Ohio Floor's motion for summary judgment was whether appellant was a real party of interest. Appellee Ohio Floors argued appellant should be equitably estopped from filing a civil claim because it was not disclosed during her bankruptcy, and the claim was surrendered or abandoned by the bankruptcy trustee. See, Motion for Summary Judgment filed November 3, 2006. In her Civ. R. 60(B) motion, appellant argued it had a meritorious defense to this argument, including Civ. R. 17(A) which governs "Real party in interest." *Page 5 
 {¶ 14} Appellant also argued excusable neglect. In Hamilton v.Assicurazioni Generali, S.P.A., Muskingum App. No. CT2002-0034, 2003-Ohio-2291, ¶ 13-14, this court explained excusable neglect as follows:
 {¶ 15} "The Ohio Supreme Court has defined `excusable neglect' in the negative by stating that `* * * the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system."' Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 20, citing GTE, supra, at 153. Furthermore, the Supreme Court has held that the term must be liberally construed, keeping in mind that Civ. R. 60(B) represents `"an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done."' Colley v. Bazell (1980), 64 Ohio St.2d 243,248. In determining whether a party's actions amount to excusable neglect, courts must look to the facts and circumstances of each case.D.G.M., Inc. v. Cremeans Concrete Supply Co., Inc. (1996),111 Ohio App.3d 134, 138.
 {¶ 16} "Nonetheless, neglect is inexcusable when the movant's inaction exhibits a complete disregard for the judicial system or that of an opposing party. GTE Automatic Electric, supra at 153, 351 N.E.2d 113. Excusable neglect has been found when a court has found unusual or special circumstances justified the neglect. However, cases generally suggest that if the party or his attorney could have controlled or guarded against the happening or circumstance, the neglect is not excusable. Vanest v. Pillsbury Company (1997), 124 Ohio App.3d 525,706 N.E.2d 825."
 {¶ 17} On November 15, 2006, the trial court filed the following Assignment Notice: *Page 6 
 {¶ 18} "NON-ORAL SUMMARY JUDGMENT HEARING ON DEFENDANT THE OHIO FLOORCOMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT TO BE HELD ON DECEMBER 15, 2006 AT 9:00 A.M. (Emphasis added.)
 {¶ 19} "RESPONSIVE BRIEF DUE ON OR BEFORE: DECEMBER 4, 2006.
 {¶ 20} "REPLY BRIEF DUE ON OR BEFORE: DECEMBER 14, 2006.
 {¶ 21} "NOTES:
 {¶ 22} "1) This hearing is non-oral. Your presence is not required. The Court will rule upon the Briefs properly filed.
 {¶ 23} "2) The Court requests a courtesy copy of all Briefs to be presented to the Fourth Floor Administrative Office upon filing with the Clerk of Courts."
 {¶ 24} On December 1, 2006, the trial court filed the following Assignment Notice:
 {¶ 25} "NON-ORAL SUMMARY JUDGMENT HEARING ON DEFENDANT CITY OFCANTON'S MOTION FOR SUMMARY JUDGMENT TO BE HELD ON DECEMBER 29, 2006 AT 9:00 A.M. (Emphasis added.)
 {¶ 26} "RESPONSIVE BRIEF DUE ON OR BEFORE: DECEMBER 18, 2006.
 {¶ 27} "REPLY BRIEF DUE ON OR BEFORE: DECEMBER 28, 2006. * * *"
 {¶ 28} The trial court granted summary judgment to appellee Ohio Floors on December 11, 2006, finding the following:
 {¶ 29} "This matter came before the Court on Defendant The Ohio Floor Company, Inc.'s Motion for Summary Judgment, filed November 13, 2006. This matter was set for a Non-Oral Summary Judgment Hearing on December 15, 2006. Plaintiff's Response was due on or before December 4, 2006. No Response was filed. *Page 7 
Therefore, the Court finds it unnecessary to prolong ruling upon Defendant's Motion for Summary Judgment.
 {¶ 30} "* * *
 {¶ 31} "Once the moving party has satisfied his initial burden, the nonmoving party must `set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.'" Vahila at 429, quoting Dresher at 293.
 {¶ 32} "Upon review of the pleadings and supporting documents, this Court finds that there are no genuine issues of material fact. Therefore, the Court hereby grants Defendant The Ohio Floor Company, Inc.'s Motion for Summary Judgment."
 {¶ 33} Loc. R. 10.01 of the Court of Common Pleas of Stark County governs hearings and submission of motions. It specifically states, "This rule is not applicable to motions for summary judgment taken pursuant to Civil Rule 56. Motions for summary judgment taken pursuant to Civil Rule 56 will be set for hearing and briefs will be due as required by Civil Rule 56(C)."
 {¶ 34} Civ. R. 56(C) sets forth the following timeline in pertinent part:
 {¶ 35} "The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a *Page 8 
matter of law. No evidence or stipulation may be considered except as stated in this rule."
 {¶ 36} The hearing date set by the trial court, December 15, 2006, was more than fourteen days after the filing of the summary judgment motion (November 27th was the 14th day). The trial court clearly set a response date of December 4, 2006, within the fourteen days. Once the trial court realized appellant failed to file a response, it went ahead and ruled on the summary judgment motion on December 11, 2006.
 {¶ 37} In her Civ. R. 60(B) motion, appellant argued her counsel "incorrectly and inadvertently thought that the December 18, 2006 deadline was the applicable deadline for all briefs in opposition to respond to motions for summary judgment."
 {¶ 38} In finding no excusable neglect, the trial court stated the following:
 {¶ 39} "The Court found that Plaintiff's actions were not the result of `excusable neglect.' The Court cited to Browning v. HealthEnterprises of America, Inc., not reported in N.E.2d, 1987 WL 13484
(Ohio App. 3 Dist.), wherein the Third District Court of Appeals held that `excusable neglect' can be found where there is a `unique or extraordinary circumstances as opposed to a mere palpable mistake by counsel.' In the instant case, the Court found that there was no `unique or extraordinary circumstance.' While counsel for the Plaintiff states that he failed to file a response because he thought the deadline for filing all responsive briefs was December 18, 2006, the Court notes that Counsel for the Plaintiff did not file any responsive briefs on December 18, 2006, rather, said briefs were not filed by counsel for the Plaintiff until December 20, 2006 — two days out of time." See, Judgment Entry filed December 7, 2007. *Page 9 
 {¶ 40} As noted supra, excusable neglect is a subjective issue. Interestingly, while appellant's counsel "inadvertently thought that the December 18, 2006 deadline was the applicable deadline," counsel did not respond until December 20, 2006. We cannot find the trial court erred in concluding there was no "unique or extraordinary circumstance."
 {¶ 41} We conclude the trial court's decision was correct, excusable neglect was not established.
 {¶ 42} Upon review, we find the trial court did not err in denying appellant's Civ. R. 60(B) motion.
 {¶ 43} Assignment of Error I is denied.
 II, III {¶ 44} Appellant claims the trial court erred in finding the Civ. R. 60(B) motion had to be supported by evidentiary quality materials, and erred in denying appellant the opportunity to present testimony on the issue of excusable neglect.
 {¶ 45} In Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, the Supreme Court of Ohio held the following at syllabus:
 {¶ 46} "Where the movant alleges inadvertence and excusable neglect as grounds for relief from judgment under Civ. R. 60(B)(1), but does not set forth any operative facts to assist the trial court in determining whether such grounds exist, the court does not abuse its discretion in denying the motion for relief from judgment."
 {¶ 47} The trial court held a hearing on December 5, 2007 and heard arguments, but did not permit appellant to offer the testimony of Attorney Michael Connick. T. at 13, 15. Although the trial court appeared to rests its decision on the lack of evidentiary *Page 10 
materials (Id. at 11-13), the trial court noted, "I'm interested in the excusable neglect part of it. That's the threshold question for me before we get to anything else." Id. at 21. As cited supra in ¶ 39, the trial court specifically found no excusable neglect in missing the deadline to file a responsive pleading.
 {¶ 48} In her Civ. R. 60(B) motion, appellant argued her counsel "incorrectly and inadvertently thought that the December 18, 2006 deadline was the applicable deadline for all briefs in opposition to respond to motions for summary judgment." The trial court noted although counsel may have been confused about the deadline date (December 18, 2006), counsel did not file anything until two days later (December 20, 2006). The Civ. R. 60(B) motion did not give a reason for the two day delay.
 {¶ 49} We find there was no necessity for a full evidentiary hearing when the issue regarding the missed December 18, 2006 deadline was basically uncontested. The trial court determined the "excusable neglect" proffered was not excusable neglect given the fact that counsel filed a responsive pleading two days late.
 {¶ 50} Assignments of Error II and III are denied. *Page 11 
 {¶ 51} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 Farmer, J., Gwin, P.J., and Edwards, J., concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1