[Cite as *Nuckols v. Consolidated Rail Corp.*, 2024-Ohio-1070.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

RANDY NUCKOLS                    COURT OF APPEALS NO. {48}L-23-1174

  APPELLANT                     TRIAL COURT NO. CI0201902279

V.

CONSOLIDATED RAIL
CORPORATION

AND

CSX TRANSPORTATION, INC.

  APPELLEES                     **DECISION AND JUDGMENT**

                                Decided:  March 22, 2024

* * * * *

Brian Reddy, for appellant.

Kevin C. Alexanderson and Holly M. Olarczuk-Smith, for appellees.

* * * * *

**MAYLE J.**

{¶ 1} Plaintiff-appellant, Randy Nuckols, appeals the June 22, 2023 judgment of

the Lucas County Court of Common Pleas, granting summary judgment in favor of

defendants-appellees, Consolidated Rail Corporation and CSX Transportation, Inc. For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} Randy Nuckols was employed by Consolidated Rail Corporation or CSX Transportation, Inc. ("the railroads") for various periods dating back to 1976. On July 11, 2014, he was diagnosed with throat cancer, which he claimed was caused by toxic materials or carcinogens to which he was exposed during his employment.

{¶ 3} On June 9, 2016, Nuckols filed a negligence action against the railroads in Philadelphia County, Pennsylvania under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. 51 et seq. The court dismissed the action without prejudice on October 16, 2017, under the doctrine of forum non conveniens. The dismissal entry provided—apparently by stipulation of the parties—that if Nuckols refiled the action in Ohio or another appropriate jurisdiction within 120 days of the order, "the filing date to be used for statute of limitations purposes in the refiled action shall be June 9, 2016." Nuckols did not refile within 120 days. He refiled in Lucas County, Ohio on April 30, 2019.

{¶ 4} On December 17, 2019, the trial court issued a scheduling order, providing dates for a settlement pretrial and trial, and setting deadlines for discovery, expert-witness disclosures, and summary-judgment motions. The Covid-19 pandemic interfered with the original deadlines, necessitating entry of a new scheduling order.

2.

{¶ 5} The new scheduling order was issued on March 10, 2021. It set a discovery deadline of April 15, 2021; an expert-disclosure deadline of April 30, 2021, for plaintiff; an expert-disclosure deadline of June 30, 2021, for defendants; an expert-discovery deadline of August 3, 2021; and a summary-judgment deadline of September 1, 2021.

{¶ 6} In accordance with the court's scheduling order, the railroads disclosed their expert witnesses and their experts' reports on June 30, 2021. Less than two weeks later, they sought leave, which was granted, to disclose an additional expert witness. Nuckols did not provide his expert disclosures within the deadline set in the March 10, 2021 scheduling order. Rather, he disclosed his expert witnesses belatedly, on May 5, 2021, without providing their reports.

{¶ 7} The railroads filed two motions for summary judgment within the deadline set by the court. It filed its first motion on April 23, 2021, arguing that Nuckols's claim was time-barred under 45 U.S.C. 56 because it was filed more than three years after Nuckols knew or, in the exercise of reasonable diligence, should have known, that he had cancer and that his cancer was caused by his exposure to toxic materials or carcinogens in the workplace. Nuckols timely opposed that motion.

{¶ 8} The railroads filed their second summary-judgment motion on September 1, 2021, arguing that Nuckols could not prove the essential elements of his claims because he failed to produce expert evidence that they breached a duty to provide a reasonably safe workplace, that his injury was reasonably foreseeable, and that his injury was caused

3.

by toxic carcinogens to which he was exposed in the workplace. Without leave of court, Nuckols filed an opposition brief two days late on October 1, 2021. He attached to his motion unauthenticated reports from his expert witnesses dated June 12, 2021, and September 10, 2021. This was the first time the railroads were provided these reports. They objected to the unauthenticated expert reports.

{¶ 9} On October 13, 2021, the trial court granted the railroads' first motion for summary judgment and dismissed Nuckols's claims. Nuckols appealed, and we reversed. *Nuckols v. Consol. Rail Corp.*, 2022-Ohio-4309, 202 N.E.3d 817, ¶ 3 (6th Dist.). We held that there existed a genuine issue of material fact as to when Nuckols knew or, in the exercise of reasonable diligence, should have known, that his throat cancer was caused by his exposure to toxic materials or carcinogens in the workplace. *Id.* at ¶ 58. We remanded the matter to the trial court.

{¶ 10} On remand, the parties disagreed over whether discovery should be reopened. The railroads argued that discovery should not be reopened and urged the court to decide their second motion for summary judgment as briefed. Nuckols implored the court to either reopen discovery or consider his experts' reports attached to his brief in opposition to the railroads' second motion for summary judgment. He acknowledged that if the court refused to consider the reports, he would be unable to meet his burden of proof.

4.

{¶ 11} The trial court proceeded to consider the railroads' second motion for summary judgment as briefed. It struck Nuckols's opposition brief because it was filed—without leave—outside the 28-day deadline set forth in Civ.R. 6(C)(1). It observed that Nuckols belatedly disclosed his expert witnesses without attaching their reports and without seeking leave, and offered no explanation for his untimeliness. And it concluded that even if it were to overlook the fact that Nuckols missed deadlines, the reports of Nuckols's experts were not authenticated by affidavit and, therefore, were not proper summary-judgment evidence. The trial court granted the railroads' second motion for summary judgment and dismissed Nuckols's complaint.

{¶ 12} Nuckols appealed. He assigns the following error for our review:

The trial court was in error in failing to consider Plaintiff's Response to Defendants' Motion for Summary Judgment, Plaintiff's Expert Witness Disclosure and Plaintiff's Expert Reports in determining there was no genuine issue of material fact for the jury to consider as to negligence and causation under the FELA in Randy Nuckols' case.

## II. Law and Analysis

{¶ 13} It is undisputed that Nuckols's complaint asserts claims that require expert testimony; without expert testimony, Nuckols cannot prevail on his claims. Nuckols disclosed the identity of his expert witnesses five days after the deadline for doing so, but failed to provide his experts' reports until the railroads moved for summary judgment—

five months after his expert-disclosure deadline. At that point, Nuckols attached unauthenticated copies of the reports to his response to the railroads' motion for summary judgment, which he filed two days late. Nuckols assigns error in the trial court's refusal to consider his response to the railroads' summary-judgment motion, his expert disclosure, and his experts' reports.

{¶ 14} While Nuckols's assignment of error correctly identifies the problems that ultimately led to the dismissal of his claims, his appellate brief focuses on the opinions of his experts that he claims would have defeated summary judgment. He all but ignores the issue that we must first resolve: whether the trial court abused its discretion when it refused to consider untimely filings and unauthenticated expert reports.

{¶ 15} "Trial courts have inherent power to manage their own dockets and the progress of the proceedings before them." *A.M. v. Miami Univ.,* 2017-Ohio-8586, 88 N.E.3d 1013 ¶ 21 (10th Dist.), citing *Canady v. Rekau & Rekau, Inc.*, 10th Dist. No. 09AP-32, 2009-Ohio-4974, ¶ 16. We review challenges related to a trial court's control of its docket under an abuse-of-discretion standard. *Estate of Coumbassa v. Hickle*, 10th Dist. Franklin No. 22AP-788, 2023-Ohio-4292, ¶ 21. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An unreasonable decision is one that lacks sound reasoning to support the decision. *Hageman v. Bryan City Schools*, 10th Dist. Franklin No. 17AP-742, 2019-Ohio-223, ¶ 13. "An arbitrary decision is one

6.

that lacks adequate determining principle and is not governed by any fixed rules or standard." *Id.,* quoting *Porter, Wright, Morris & Arthur, LLP v. Frutta del Mondo, Ltd.*, 10th Dist. Franklin No. 08AP-69, 2008-Ohio-3567, ¶ 11. And an unconscionable decision is one "that affronts the sense of justice, decency, or reasonableness." *Id.*

{¶ 16} "Given the discretion a trial court enjoys in managing the course of the litigation before the court, it is not error [for a trial court] to rule on a summary judgment motion without considering memoranda and affidavits filed out-of-rule." (Internal citations and quotations omitted.) *Canady* at ¶ 16. "Thus, when a party files his memorandum contra after a court-imposed deadline has lapsed, the trial court may disregard the memorandum and attached evidentiary materials." *Id.,* citing *Union Sav. Bank v. Maga,* 2d Dist. Montgomery No. 20303, 2004-Ohio-3090, ¶ 21 ("We conclude that the trial court was not obligated to consider [the defendant's] response, with the affidavit attached, because it was not filed before the court-ordered deadline."); *Pingue v. Hyslop,* 10th Dist. Franklin No. 01AP-1000, 2002-Ohio-2879, ¶ 57 (finding no abuse of discretion in failing to consider the plaintiff's memorandum contra when the plaintiff filed it past the deadline set by the trial court).

{¶ 17} In *Canady* at ¶ 17, after having already granted an extension, the trial court disregarded Canady's brief, which was filed four days late. In *Howell v. Canton*, 5th Dist. Stark No. 2008CA00005, 2008-Ohio-5560, ¶ 40, 49, the court rejected a claim of excusable neglect where counsel filed his brief two days after the date that he mistakenly

7.

believed it was due. And in *Harbor N., Inc. v. Albertson*, 6th Dist. Ottawa No. OT-88-3, 1988 WL 110310, \*2 (Oct. 21, 1988), we found that the trial court properly disregarded appellant's response to appellee's motion for summary judgment, filed three days late.

{¶ 18} Additionally, "a trial court ha[s] discretion to set a deadline by which expert reports [must] be filed, and to enforce its order by excluding all testimony relating to reports filed past the deadline." *Paugh & Farmer, Inc. v. Menorah Home for Jewish Aged*, 15 Ohio St.3d 44, 45-46, 472 N.E.2d 704 (1984). An expert report that is disclosed for the first time in response to a motion for summary judgment—beyond the expert-report and discovery deadlines—may be excluded. *See Roush v. Butera*, 8th Dist. Cuyahoga No. 97463, 2012-Ohio-2506, ¶ 37.

{¶ 19} Here, Nuckols filed his expert-witness disclosure five days late. He filed his memorandum in opposition to the railroads' motion for summary judgment two days late. And he filed his experts' reports five months late. It was within the discretion of the trial court to strike his untimely filings and disregard expert reports that were not timely-disclosed.

{¶ 20} Nuckols acknowledges that Ohio case law may support the exclusion of untimely-produced expert reports under certain circumstances. He argues that the circumstances here do not warrant exclusion because disclosure was not made "on the eve of trial," there is no evidence of bad faith, and the railroads were not substantially

8.

prejudiced by the late disclosure because they had his experts' reports for nearly two years before summary judgment was granted.

{¶ 21} Even if we agreed with Nuckols that the trial court should have overlooked the untimeliness of his filings, we would nevertheless be forced to conclude that summary judgment in favor of the railroads was proper because Nuckols failed to present admissible Civ.R. 56 evidence to demonstrate the existence of a genuine issue of material fact.

{¶ 22} Appellate review of a summary judgment is de novo, *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), employing the same standard as trial courts. *Lorain Natl. Bank v. Saratoga Apts.,* 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The motion may be granted only when it is demonstrated:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978), Civ.R. 56(C).

9.

When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 826, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 201 (1986).

{¶ 23} Here, Nuckols offered only unauthenticated reports from his expert witnesses in opposition to the railroads' motion. Civ.R. 56(C) requires that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "[D]ocuments submitted in opposition to a motion for summary judgment must be

10.

properly sworn, certified or authenticated by affidavit or they may not be considered in determining whether there is a triable issue of fact." (Internal quotations and citations omitted.) *Kent's Excavating Services, Inc. v. Leneghan*, 2017-Ohio-1371, 89 N.E.3d 79, ¶ 13 (8th Dist.). "The proper procedure for introducing evidentiary matter of a type not listed in Civ.R. 56(C)"—including expert reports—"is to incorporate the material by reference into a properly framed affidavit." *Gabriel v. Ohio State Univ. Med. Ctr.,* 10th Dist. Franklin No. 14AP-870, 2015-Ohio-2661, ¶ 23. Expert reports that have not been sworn, certified, or authenticated, in accordance with Civ.R. 56 have no evidentiary value and cannot be considered by the court. *Kent's Excavating* at ¶ 13; *Heard v. Aultman Hosp.,* 5th Dist. Stark No. 2015CA00141, 2016-Ohio-1076, ¶ 28-29; *Silveous v. 5 Starr Salon & Spa, LLC,* 2023-Ohio-841, 210 N.E.3d 1020, ¶ 52 (10th Dist.).

{¶ 24} Nuckols argues that in its discretion, the trial court could have considered the experts' reports even though they were not properly authenticated. It is true that "[a] trial court has the discretion to consider unauthenticated documents when considering a motion for summary judgment," but it may do so only where "*the opposing party does not object* to the admissibility of evidence under Civ.R. 56." (Emphasis added.) *Charlesgate Commons Condominium Assn. v. W. Res. Group,* 6th Dist. Lucas No. L-14-1039, 2014-Ohio-4342, ¶ 10, citing *Walls v. City of Toledo,* 6th Dist. Lucas No. L-07-1324, 2008-Ohio-4274, ¶ 28. Here, the railroads objected to the unauthenticated expert reports, therefore, the trial court lacked discretion to consider them. *See Kent's*

*Excavating* at ¶ 13 ("A court * * * abuses its discretion when it considers evidence that has been improperly submitted in opposition to a motion for summary judgment.").

{¶ 25} It is undisputed that without the expert reports, Nuckols is unable to meet his standard of proof on his FELA claims and cannot defeat the railroads' summary-judgment motion. *See Langrell v. Union Pacific RR. Co.,* N.D. Neb. No. 8:18CV57, 2020 WL 3037271, * 6 (Jun. 5, 2020) ("In order to avoid summary judgment, a FELA plaintiff is required to produce admissible evidence that the railroad's negligence played a part in causing his alleged injury. If an injury has no obvious origin, expert testimony is necessary to establish even that small quantum of causation required by FELA." (Internal citations and quotations omitted.)); *Porte v. Illinois Cent. RR. Co.,* E.D.La. No. 17-5657, 2018 WL 4386107, * 3 (Sept. 14, 2018) ("Because of the complexity involved with linking Plaintiff's hazardous occupational exposure to his contraction of kidney cancer, Plaintiff is required to offer expert testimony."); *Jacobson v. BNSF Ry. Co.,* W.D.Wa. No. C18-1722JLR, 2021 WL 228895, * 4 (Jan. 22, 2021) ("[P]roof that a carrier was negligent in the context of a FELA claim arising from exposure to toxic chemicals requires expert testimony * * *.").

{¶ 26} Finally, Nuckols's insists that in light of FELA's humanitarian purpose, jury determinations are favored and summary judgment is disfavored in FELA cases. Ohio courts have readily acknowledged the relaxed standards applied in FELA cases. *See, e.g., Swords v. Norfolk & W. Ry. Co.,* 4th Dist. Scioto No. 95 CA 2342, 1996 WL

12.

255859, * 6-7 (May 8, 1996) ("It is true that under FELA the quantum of evidence sufficient to present a jury question of causation is less than it is in a common law tort action."). Nevertheless, state procedural rules govern FELA claims in state court. *Norfolk S. Ry. Co. v. Bogle,* 115 Ohio St.3d 455, 2007-Ohio-5248, 875 N.E.2d 919, ¶ 8. And under state procedural rules, "[d]ocuments submitted in opposition to a motion for summary judgment which are not sworn, certified, or authenticated by affidavit have no evidentiary value and may not be considered by the court in deciding whether a genuine issue of material fact remains for trial." (Internal quotations and citations omitted.) *Battaglia v. Conrail,* 6th Dist. Lucas No. L-08-1332, 2009-Ohio-5505, ¶ 42.

{¶ 27} Accordingly, we affirm the trial court's decision granting summary judgment in favor of the railroads. *See id.* at ¶ 23-24 (affirming grant of summary judgment where, without requisite expert report, plaintiff was unable to produce evidence to demonstrate the applicable standard of care, a breach of that standard, and how that breach proximately caused its damages). We find Nuckols's assignment of error not well-taken.

### III. Conclusion

{¶ 28} Even if the trial court would have excused the untimeliness of Nuckols's expert disclosure and summary-judgment response, he did not present summary-judgment quality evidence in opposing the railroads' motion. Without expert testimony,

he could not defeat summary judgment.  We find Nickols's assignment of error not well-taken.

{¶ 29} We affirm the June 22, 2023 judgment of the Lucas County Court of Common Pleas.  Nuckols is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

Gene A. Zmuda, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.