[Cite as *Nationstar Mtge., L.L.C. v. Krehnbrink*, 2025-Ohio-4445.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


NATIONSTAR MORTGAGE, LLC, d.b.a.   :      APPEAL NO.    C-240511
MR. COOPER,                        TRIAL NO.     A-1804213

                                :

     Plaintiff-Appellee,                          :

     vs.                                    *JUDGMENT ENTRY*

                                :

LESLIE RUPPERT KREHNBRINK,        :

     and                                    :

ROBERT G. KREHNBRINK,             :

     Defendants-Appellants.           :

                                :


This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**
**Enter upon the journal of the court on 9/24/2025 per order of the court.**


**By:**_____
       **Administrative Judge**

[Cite as *Nationstar Mtge., L.L.C. v. Krehnbrink*, 2025-Ohio-4445.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| NATIONSTAR MORTGAGE, LLC, d.b.a. MR. COOPER, | : | APPEAL NO. | C-240511 |
|  |  | TRIAL NO. | A-1804213 |
| Plaintiff-Appellee, | : |  |  |
|  | : |  |  |
| vs. | : | *O P I N I O N* |  |
|  | : |  |  |
| LESLIE RUPPERT KREHNBRINK, | : |  |  |
| and | : |  |  |
| ROBERT G. KREHNBRINK, | : |  |  |
| Defendants-Appellants. | : |  |  |
|  | : |  |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 24, 2025

*McGlinchey Stafford*, *James W. Sandy* and *John P. Murray*, for Plaintiff-Appellee,

*Leslie R. Krehnbrink* and *Robert G. Krehnbrink,* pro se.

**BOCK, Judge.**

**{¶1}** In this appeal, defendants-appellants Leslie Ruppert Krehnbrink and Robert G. Krehnbrink (collectively "the Krehnbrinks") challenge the trial court's summary judgment in favor of plaintiff-appellee Nationstar Mortgage, LLC, d.b.a. Mr. Cooper ("Nationstar") on the Krehnbrinks' counterclaims against Nationstar involving the Real Estate Settlement Procedures Act ("RESPA"), unjust enrichment, and breach of contract.

**{¶2}** We affirm. The Krehnbrinks failed to submit authenticated evidence in opposition to summary judgment and accordingly failed to carry their reciprocal summary-judgment burden. Further, the Krehnbrinks raise arguments on appeal that they did not present to the trial court and are forfeited on appeal. Finally, the Krehnbrinks' challenge to the trial court's Civ.R. 54(B) certification finding no just reason for delay fails because the trial court's judgment resolved all of the Krehnbrinks' claims against Nationstar, and the Krehnbrinks have failed to perfect service on the remaining counterclaim defendants. We overrule the Krehnbrinks' assignment of error and affirm the trial court's judgment.

## I. Factual and Procedural History

### A. Procedural history

**{¶3}** In July 2018, Nationstar filed a complaint for foreclosure against the Krehnbrinks. The Krehnbrinks answered and asserted counterclaims against Nationstar and Nationstar's counsel, Lerner, Sampson & Rothfuss, Olivia Earls, Carson Rothfuss, Bethany Suttinger, and Tammy Stickley ("the law firm defendants").[1]

---

[1] The trial court docket does not reflect that the law firm defendants were served with the Krehnbrinks' counterclaims. The law firm defendants have never appeared in the case, and the trial court has not dismissed them under Civ.R. 41(B)(1) or 4(E).

The counterclaims alleged (1) Nationstar improperly force-placed insurance on the Krehnbrinks' home, (2) unjust enrichment, (3) breach of a loan-modification agreement, and (4) a RESPA violation.

**{¶4}** Nationstar voluntarily dismissed its foreclosure complaint without prejudice and moved for summary judgment on the Krehnbrinks' counterclaims. After a hearing on the motion, the trial court issued a decision granting Nationstar summary judgment on the Krehnbrinks' counterclaims. The trial court's decision did not include a Civ.R. 54(B) certification that there was no just cause for delay.

**{¶5}** The Krehnbrinks filed an appeal, which this court dismissed for lack of a final appealable order. We explained that the trial court's summary judgment did not resolve all claims as to all parties and did not include Civ.R. 54(B) language.

**{¶6}** Nationstar asked the trial court to "reissue" its summary-judgment order and include a Civ.R. 54(B) certification. The Krehnbrinks opposed Nationstar's request. The trial court issued a nunc pro tunc entry, which was identical to its previous summary-judgment decision in all respects except that it included a Civ.R. 54(B) certification.

**{¶7}** The Krehnbrinks appealed.

### B. Facts

**{¶8}** The Krehnbrinks' memorandum in opposition to Nationstar's summary-judgment motion did not include any Civ.R. 56(C) evidence—it included only unauthenticated documents. Thus, the facts in this section are derived from evidence attached to Nationstar's summary-judgment motion.

**{¶9}** In February 2006, the Krehnbrinks purchased a home in Cincinnati with a loan from Countrywide Home Loans, Inc., secured by a mortgage on the home. The mortgage was later assigned to Nationstar, which also acted as the loan servicer.

4

{¶10} The mortgage and loan documents ("Loan Documents") required the Krehnbrinks to make monthly payments, which covered (1) principal and interest on the loan, and (2) taxes and insurance premiums—this portion was placed into an escrow account. The Loan Documents required the Krehnbrinks to maintain home insurance. If the Krehnbrinks failed to insure the home, Nationstar could "obtain insurance coverage, at Lender's option and Borrower's expense."

<u>Nationstar purchased an insurance policy to cover the home</u>

{¶11} In April 2017, Nationstar sent the Krehnbrinks a letter requesting they provide proof of current insurance coverage on the home. It explained that the Krehnbrinks could provide proof of insurance by mail or online and warned that if the Krehnbrinks failed to provide proof of insurance, Nationstar would purchase an insurance policy to cover the home, which could "be more expensive than insurance you can buy yourself." Nationstar did not receive a response from the Krehnbrinks.

{¶12} Nationstar sent a second letter to the Krehnbrinks in May 2017 containing the same information as the first letter. Again, Nationstar did not receive a response from the Krehnbrinks.

{¶13} In June 2017, Nationstar purchased an insurance policy to cover the Krehnbrinks' home ("force-placed policy" or "force-placed insurance") and charged the Krehnbrinks for the cost of the premiums.

{¶14} In September 2017 and February 2018, Nationstar sent letters to the Krehnbrinks regarding the lapse of insurance. Nationstar received no response to either letter. It again purchased a force-placed policy in April 2018 and charged the Krehnbrinks for the premiums.

{¶15} In July 2018, the Krehnbrinks provided Nationstar proof of insurance coverage for the periods during which Nationstar had charged the Krehnbrinks for

premiums to pay for the policies it purchased. Nationstar canceled the April 2018 policy and reimbursed the Krehnbrinks' account.

## Nationstar denied a permanent loan modification

**{¶16}** In January 2018, because the Krehnbrinks were behind on their loan payments, Nationstar offered them a Trial Modification ("the Trial Modification Offer") to cure their default. Under the Trial Modification Offer, if the Krehnbrinks paid three consecutive monthly payments to Nationstar in the manner Nationstar required, the parties would enter into a "final modification agreement," which would permanently modify the Krehnbrinks' and Nationstar's loan and mortgage agreements. The Trial Modification Offer required the Krehnbrinks to mail payments to a specified PO box.

**{¶17}** The Krehnbrinks accepted the Trial Modification Offer and timely made the first two payments. But the Krehnbrinks failed to send the third payment. Nationstar sent a "Trial Modification Denial" letter in May 2018, which informed the Krehnbrinks that Nationstar would not offer them a permanent loan modification.

## The Krehnbrinks allege they sent a customer complaint letter

**{¶18}** The Krehnbrinks alleged that in May 2018, they sent Nationstar a customer-complaint letter related to the Trial Modification Offer. The purported letter stated that the Krehnbrinks had attempted to make the final payment under the Trial Modification Offer over the phone, were rerouted to a voicemail, and never received a return call. The purported letter also challenged charges for the force-placed policy premiums.

**{¶19}** Nationstar stated that when it receives customer complaints, its internal procedures require it to scan the complaint into its intranet site and forward the complaint to a customer-complaint inbox. Then, Nationstar's customer-relations

department creates a case for the complaint and sends the complainant an acknowledgement letter. Nationstar asserted that it has no record of receiving the Krehnbrinks May 2018 customer-complaint letter.

{¶20} Nationstar initiated a foreclosure action in July 2018.

## II. Analysis

{¶21} As an initial matter, the Krehnbrinks acted pro se below and in this appeal. But self-represented litigants are "'required to comply with the rules of practice and procedure just like members of the bar.'" *Brock v. Hamilton Cty. Bd. of Zoning Appeals*, 2025-Ohio-717, ¶ 54 (1st Dist.).

{¶22} On appeal, the Krehnbrinks raise a single assignment of error challenging the trial court's summary-judgment order involving four of the Krehnbrinks' counterclaims: (1) improperly charging the Krehnbrinks for the force-placed policy; (2) unjust enrichment; (3) breach of the Trial Modification Offer; and (4) violation of RESPA. The fifth challenge asserts that the trial court improperly certified that there was no just reason for delay under Civ.R. 54(B). We address the Civ.R. 54(B) issue first.

### A. Civ.R. 54(B) certification

{¶23} Ohio appellate courts have jurisdiction to review trial courts' final judgments or orders. *Lycan v. City of Cleveland*, 2016-Ohio-422, ¶ 21, quoting Ohio Const., art. IV, § 3(B)(2). Generally, an order is not "final" unless it "determines the action and prevents a judgment." *Fuller v. Quality Casing Co.*, 2025-Ohio-361, ¶ 7 (1st Dist.), quoting R.C. 2505.02(B).

{¶24} Although the Krehnbrinks do not raise this issue, for any order to be final and appealable, it must meet R.C. 2505.02's requirements. *Id.* at ¶ 9, quoting *Lycan* at ¶ 21.

### 1.  Actions involving multiple claims and parties

**{¶25}**  Relevant here, in addition to meeting R.C. 2505.02's requirements, a trial court's orders in actions involving multiple parties have another finality hurdle. When an action involves multiple parties, the trial court must expressly determine that there is no just reason for delay before it enters a final judgment involving some, but not all, of the parties. Civ.R. 54(B). In such actions, the trial court's Civ.R. 54(B) "no just reason for delay" certification is necessary to invoke the appellate court's jurisdiction. *Internatl. Managed Care Strategies, Inc. v. Franciscan Health Partnership, Inc.*, 2002-Ohio-4801, ¶ 8 (1st Dist.), quoting Civ.R. 54(B).

**{¶26}**  A trial court's Civ.R. 54(B) certification that an interlocutory appeal will promote sound judicial administration is "essentially a factual determination." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352 (1993), paragraph one of the syllabus. We may not substitute our judgment for the trial court's "where some competent and credible evidence supports the trial court's factual findings." *Id.* at 355.

### 2.  The trial court's summary judgment was a final order

**{¶27}**  First, the trial court's summary-judgment order met R.C. 2505.02(B)'s requirements. *See id.* at 355 (trial court's nunc pro tunc order adding Civ.R. 54(B) language to earlier summary-judgment decision granting judgment on all claims against one party was final).

**{¶28}**  Second, we hold that the trial court properly certified that there was no just reason for delay under Civ.R. 54(B) because its certification was supported by the record. The Krehnbrinks never perfected service on the law firm defendants. While the trial court should have dismissed those defendants under Civ.R. 4(E) and 41(B)(1), resolving this appeal on the merits, rather than sending it back to the trial court again, this time to dismiss the remaining defendants, serves judicial economy.

8

**{¶29}** Second, the Krehnbrinks' claims against the law firm defendants relate only to Nationstar's litigation conduct, whereas their counterclaims against Nationstar involve the events leading to Nationstar's foreclosure filing. As such, the claims decided by the trial court and the remaining claims are not factually related.

**{¶30}** We hold that the trial court properly certified under Civ.R. 54(B) that there was no just reason for delay, and we have jurisdiction to consider the merits of this appeal.

### B. *Nationstar was entitled to summary judgment*

**{¶31}** This court reviews a trial court's ruling on summary judgment de novo. *Weckel v. Cole + Russell Architects, Inc.*, 2024-Ohio-5111, ¶ 33 (1st Dist.).

**{¶32}** Under Civ.R. 56(C), a trial court shall grant summary judgment where "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact" demonstrate that (1) there are no genuine issues of material fact, (2) the movant is entitled to judgment as a matter of law, and (3) when viewing the evidence most strongly in the nonmovant's favor, reasonable minds can come to one conclusion, and that conclusion is adverse to the nonmovant.

**{¶33}** The summary-judgment movant bears the initial burden of informing the trial court of the basis of its motion and must explain what evidence in the record demonstrates the "'absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.'" *Id.* at ¶ 34, quoting *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the movant satisfied this burden, the burden shifts to the nonmovant, who must "'set forth specific facts showing that there is a genuine issue for trial.'" *Id.*, quoting *Dresher* at 293.

**{¶34}** When a party seeks to support or oppose a summary-judgment motion

by relying on documents of a type not listed in Civ.R. 56(C), the party must ensure that the documents are sworn, certified, or authenticated by an affidavit. *Nuckols v. CONRAIL*, 2024-Ohio-1070, ¶ 23 (6th Dist.). If a party fails to authenticate a document that is not specifically authorized by Civ.R. 56, the document generally has no evidentiary value, and the trial court should not consider it when determining whether to grant summary judgment. *Id.*, quoting *Kent's Excavating Servs. v. Leneghan*, 2017-Ohio-1371, ¶ 13 (8th Dist.). But a trial court has discretion to consider unauthenticated documents in a summary-judgment decision, unless the other party objects to the admission of those documents. *Beatley v. Fisher (In re Estate of Beatley)*, 2024-Ohio-5109, ¶ 48 (10th Dist.).

**{¶35}** When ruling on a summary judgment motion, courts may not weigh the evidence or evaluate credibility. *Weckel*, 2024-Ohio-5111, at ¶ 35 (1st Dist.).

### 1. **Force-placed insurance**

**{¶36}** The Krehnbrinks challenge the trial court's determination that Nationstar properly force-placed insurance policies on the Krehnbrinks' home after the Krehnbrinks failed to provide proof of insurance.

**{¶37}** RESPA controls a loan servicer's ability to force-place insurance. 12 C.F.R. 1024.37. Under RESPA, "force-placed insurance" is "hazard insurance obtained by a servicer on behalf of the owner or assignee of a mortgage loan that insures the property securing such loan." 12 C.F.R. 1024.37(a)(1). Before a loan servicer charges a borrower a premium or fee related to force-placed insurance, the servicer must reasonably believe that the borrower did not comply with the contract's requirement to maintain hazard insurance. 12 C.F.R. 1024.37(b). And the lender must send the borrower two written notices. 12 C.F.R. 1024.37(c)(2). The notices must (1) inform the borrower of the requirement to maintain hazard insurance, (2) that the servicer lacks

10

proof that the borrower has hazard insurance, (3) how the borrower may provide this proof, and (4) absent proof of coverage, the servicer will obtain coverage at the borrower's expense. *Id.*

The Krehnbrinks' new arguments are forfeited on appeal

**{¶38}** For the first time on appeal, the Krehnbrinks argue, "Nationstar failed to reasonably investigate whether the [Krehnbrinks'] oral representations were corroborated by existing records, violating the spirit of the regulation." Nationstar asserts that the Krehnbrinks failed to raise this argument below and has forfeited it on appeal. We agree.

**{¶39}** A party who fails to raise an argument for the trial court's consideration forfeits or waives that argument on appeal. *West v. Bode*, 2020-Ohio-5473, ¶ 43; *see Sycamore Twp. v. Carr*, 2022-Ohio-1337, ¶ 7 (1st Dist.). Appellate courts may review such arguments only for plain error, which is an error that is obvious and affects a substantial right. *Ravenscraft v. Durrani*, 2025-Ohio-2900, ¶ 149 (1st Dist.). But the plain-error doctrine is disfavored in the civil context, and we may find plain error "only in the extremely rare case involving exceptional circumstances," where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123 (1997).

**{¶40}** The party asserting plain error bears the burden on appeal to demonstrate that the trial court made an obvious error that affected the party's substantial rights. *R.E.S. v. M.J.M.*, 2025-Ohio-546, ¶ 21 (8th Dist.). But the Krehnbrinks have not developed a plain-error argument on appeal. Appellate courts need not develop a plain-error argument on an appellant's behalf. *See In re G.W.*, 2024-Ohio-1551, ¶ 24 (1st Dist.); *see also State v. Patton*, 2021-Ohio-295, ¶ 25 (1st

Dist.). We decline to do so in this case and reject the Krehnbrinks' new arguments.

<u>RESPA requires written proof of insurance</u>

{¶41} Attached to its summary-judgment motion, Nationstar presented evidence showing that in 2017, after determining that the Krehnbrinks lacked insurance on the property, it sent the Krehnbrinks the two notices required by federal law. Nationstar's evidence showed that it received no response from the Krehnbrinks. And Nationstar provided evidence showing that it followed this same procedure when it force-placed insurance in 2018. Nationstar met its initial summary-judgment burden to establish that in 2017 and 2018, it properly force-placed insurance policies to cover the property.

{¶42} In one memorandum opposing summary judgment, the Krehnbrinks submitted an affidavit stating that, beginning in January 2018, they called Nationstar's customer-service department "to correct the insurance overpayment. [Nationstar's] customer service department acknowledged the error and acknowledged that insurance had always existed and canceled the additional insurance in March of 2018, but did not make the adjustments for the overcharges."

{¶43} The Consumer Financial Protection Bureau's official interpretation of 12 C.F.R. 1024.37(c)(1)(iii) establishes that that a borrower must provide written proof of insurance:

> As evidence of continuous hazard insurance coverage that complies with the loan contract's requirements, a servicer may require a copy of the borrower's hazard insurance policy declaration page, the borrower's insurance certificate, the borrower's insurance policy, *or other similar forms of written confirmation*. A servicer may reject evidence of hazard insurance coverage submitted by the borrower if neither the borrower's

insurance provider nor insurance agent provides confirmation of the

insurance information submitted by the borrower.

(Emphasis added.) 12 CFR 1024.37, Supp. I at 37(c)(1)(iii).

**{¶44}** The Krehnbrinks were required to respond to Nationstar's letters with written confirmation that the home was covered by an appropriate insurance policy. Their phone calls were insufficient to provide proof of insurance. As such, they have not established a genuine issue of material fact, and the trial court did not err by granting summary judgment to Nationstar on the Krehnbrinks' counterclaim related to force-placed insurance.

### 2. Second issue for review: unjust enrichment

**{¶45}** The Krehnbrinks assert that the trial court erred in granting summary judgment on their unjust-enrichment claim.

#### The Krehnbrinks forfeited new arguments

**{¶46}** In challenging the trial court's summary-judgment order regarding their unjust-enrichment claim, the Krehnbrinks assert that Nationstar took actions that were "outside the scope of the contract or violated public policy." The Krehnbrinks failed to raise this argument below and do not present a plain-error argument, so they have forfeited the argument on appeal.

#### The trial court properly granted summary judgment on the unjust-enrichment claim

**{¶47}** To establish their unjust enrichment claim, the Krehnbrinks had to show (1) they conferred a benefit on Nationstar, (2) Nationstar knew of the benefit, and (3) it would be unjust for Nationstar to retain the benefit. *Gilman v. Physna, LLC*, 2021-Ohio-3575, ¶ 28 (1st Dist.). But as a general rule, "unjust-enrichment claims are only available in the absence of an enforceable contract." *Id.*

**{¶48}** The Krehnbrinks assert that Nationstar's "force-placement of

13

overpriced insurance policies led to financial gains unjustly obtained from Defendants." The Krehnbrinks, however, failed to provide any evidence to oppose summary judgment on their unjust-enrichment claim. Instead, they attached only unauthenticated documents. As discussed above, documents offered in opposition to summary judgment must be "'properly sworn, certified or authenticated by affidavit,'" *Nuckols*, 2024-Ohio-1070, at ¶ 23 (6th Dist.), quoting *Kent's Excavating Servs.*, 2017-Ohio-1371, at ¶ 13 (8th Dist.). And where, as here, the opposing party objects to the admission of unauthenticated documents, the trial court is prohibited from considering them. *Beatley*, 2024-Ohio-5109, at ¶ 48 (10th Dist.).

**{¶49}** Moreover, the loan documents specifically provided for the purchase of force-placed insurance. Therefore, an express contract governed force-placed insurance, so the Krehnbrinks cannot maintain an unjust-enrichment claim. The trial court properly granted summary judgment on the unjust-enrichment claim.

### 3. Third issue for review: breach of contract

**{¶50}** The Krehnbrinks challenge the trial court's summary judgment in Nationstar's favor on their breach-of-contract claim, which asserted that Nationstar breached the Trial Modification Offer. To prove a breach-of-contract claim, a party must establish (1) the existence of a valid contract between the parties, (2) the other party's failure to perform where performance is due, and (3) damages. *Gilman*, 2021-Ohio-3575, at ¶ 17 (1st Dist.). A condition precedent is an act or event that must be completed before a party's obligation to perform arises. *Id.* at ¶ 19. A party's failure to satisfy a condition precedent excuses the other party's performance. *Id.*

**{¶51}** The Trial Modification Offer required the Krehnbrinks to make three consecutive monthly loan payments to Nationstar by mailing the payments to a specific PO Box. The letter explaining the Trial Modification Offer contained a chart

that laid out when each of the three payments were due. It also informed the Krehnbrinks that "[t]o successfully complete the Trial Period Plan, you must make the [] payments as set forth in the chart above."

**{¶52}** Nationstar argued that the Krehnbrinks' successful payment of all three payments was a condition precedent to the permanent-loan-modification offer, and because the Krehnbrinks failed to make the final payment, the condition precedent was not fulfilled, so Nationstar had no obligation to grant the permanent modification.

**{¶53}** We agree that the Krehnbrinks did not fulfill a condition precedent to the permanent modification because they did not complete the final payment as required by the Trial Modification Offer. Because the Krehnbrinks failed to satisfy the Trial Modification's condition precedent, Nationstar was not obligated to grant the permanent modification. *See Romero v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 6600, *12 (D.Kan. Jan. 21, 2015) ("The uncontroverted facts establish that plaintiff made only two of the three required trial plan payments . . . Under the terms of that Agreement, plaintiff's failure to satisfy those conditions terminated the HAMP Agreement, and defendant had no obligation to make any modification to the loan documents.").

**{¶54}** The Krehnbrinks assert that they attempted to make the final payment over the phone. But they submitted no evidence to support this assertion, so their argument fails.

**{¶55}** The Krehnbrinks argue that because they "attempted compliance in good faith and substantially complied with the modification terms, minor deviations should not preclude relief." First, as they submitted no evidence to support their breach-of-contract claim, they cannot demonstrate substantial compliance or good faith. Second, the Krehnbrinks cite "*Bell v. Horton*, 142 Ohio App.3d 694, 699 (7th

15

Dist. 2001)" and assert that the case "allowed claims when substantial performance was demonstrated." While the citation results in a case captioned *Bell v. Horton*, it is a Fourth District case in which the court dismissed the appeal for a lack of a final appealable order.

**{¶56}** Because the Krehnbrinks fail to support their argument with any evidence or law, we reject their argument. *See* App.R. 16(A)(7). The trial court properly granted summary judgment in Nationstar's favor on the Krehnbrinks' breach-of-contract claim.

### 4. **Fourth issue for review: RESPA claim**

**{¶57}** Finally, the Krehnbrinks argue that the trial court erred by granting summary judgment to Nationstar on their RESPA claim, which alleged that they sent Nationstar a written complaint involving Nationstar's denying a permanent loan modification and being charged for the force-placed insurance policy. The trial court found that the Krehnbrinks failed to submit a written customer complaint as required by RESPA and that accordingly, "no obligations to Nationstar were triggered."

**{¶58}** The purpose of RESPA is "'to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country.'" *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 719 (6th Cir. 2013), quoting *Vega v. First Fed. S. & L. Assn. of Detroit*, 622 F.2d 918, 923 (6th Cir. 1980).

**{¶59}** When a loan servicer "receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days." 12 U.S.C. 2605(e)(1)(A). A "qualified written request"

is a "written correspondence" that

> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. 2605(e)(1)(B).

{¶60} The trial court determined that the Krehnbrinks failed to submit a written communication. Nationstar's vice president, A.J. Loll, submitted an affidavit in support of Nationstar's summary-judgment motion. Loll testified in the affidavit that, as vice president, Loll had personal knowledge of Nationstar's procedures for creating and maintaining records related to residential mortgages. The affidavit explained Nationstar's procedures for handling customer complaints: when Nationstar receives a written complaint, it scans the complaint and forwards it to Nationstar's "Customer Complaint Inbox." The customer-relations division creates a "Case Detail Form," which includes when the complaint was received, when a response is due, and the subject of the complaint. Then, under Nationstar's policies and procedures, Nationstar first sends a letter to the complainant acknowledging receipt of the complaint and later sends a formal response. Loll testified in the affidavit that Nationstar had no record of the Krehnbrinks submitting a written complaint.

{¶61} The Krehnbrinks submitted no admissible evidence showing that they submitted a complaint. The letter they assert is a written complaint that they sent to Nationstar was never authenticated and lacks anything indicating that the letter was mailed.

**{¶62}** The Krehnbrinks also argue that "Nationstar's internal processes were deficient, preventing them from recognizing the written complaint. Nationstar's internal failure to process mailed complaints does not absolve it of compliance with 12 CFR § 1024.35." But they do not present evidence showing that Nationstar's processes are deficient or otherwise explain how the process was deficient.

**{¶63}** Finally, the Krehnbrinks assert that "[o]ral complaints coupled with mailed notices might suffice to trigger a servicer's obligations under RESPA if the service failed to reasonably communicate the requirement for written notice." But the Krehnbrinks failed to advance this argument below and it is accordingly forfeited on appeal. Moreover, their argument contradicts the plain language of REPSA, which only obligates a servicer to respond to a "qualified *written* request." (Emphasis added.) 12 U.S.C. 2605(e)(1)(A).

**{¶64}** The trial court properly granted summary judgment in Nationstar's favor on the Krehnbrinks' counterclaims. We overrule their assignment of error.

### III. Conclusion

**{¶65}** For the foregoing reasons, we overrule the Krehnbrinks' assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**CROUSE, P.J.,** and **MOORE, J.,** concur.